UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503)
   Plaintiff

Civil Action#
05CV1097 RWR

v.

WASHINGTON, D.C.
441 Fourth Street, N.W.
Washington, D.C. 20001;

WILLIAM L. POLLARD,
President, University of the
District of Columbia
4200 Connecticut Avenue, N.W.
Building 39, Third Floor
Washington, D.C. 20008;

CLEMMIE SOLOMON,
Vice President, University of
The District of Columbia
4200 Connecticut Avenue, N.W.
Building 39, Third Floor
Washington, D.C. 20008;

BRIAN BAKER, Professor
Law Library, School of Law
Building 39, B-Level
University of the
District of Columbia
4200 Connecticut Avenue, N.W.
Washington, D.C. 20008;

RECEIVED
JUN 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM THOMAS, Technician
Law Library, School of Law
University of the
District of Columbia
Building 39, B-Level
4200 Connecticut
Washington, D.C. 20008
Individually and in
Their official capacities.

    Defendants.

## *SUPERSEDING* COMPLAINT AMENDED ONCE AS A MATTER OF RIGHT PRIOR TO DEFENDANTS FILING RESPONSIVE PLEADING

### (AND DEMAND FOR A JURY TRIAL)

### I.    JURISDICTION

The court has jurisdiction of this matter pursuant to and in accordance with Title 28, United States Codes §§1331, 2201, 2202, Title 42, United States Codes §1983, and the Constitution of the United States, including, but not limited to the first, fifth, eighth, and fourteenth amendments thereto. The amount in controversy exceeds any statutory required minimum. Venue is provided for by Titled 28, United States Codes §§1391 and or 1404.

### II.    PARTIES

1. Plaintiff Randolph J. Greene, is a resident of Washington, D.C. holding an A.A.S degree from the University of the District of Columbia (hereinafter referred to as "UDC"), in paralegal studies. At all times referred to herein, plaintiff was enrolled at UDC during the Spring Semester 2005, seeking a B.A. degree in Business Management.

3

2. Defendant Washington, D.C. (hereinafter referred to as "District of Columbia") is joined in this action pursuant to Rule 19, of the Federal Rules of Civil Procedure as an indispensable party. Defendant District of Columbia is a sovereign entity who has a proprietary interest in the physical structure of UDC and is sued in its official capacity only.

3. Defendant William L. Pollard, pursuant to and in accordance with Title 8, District of Columbia Municipal Regulations(herein after referred to as "DCMR") §202.1, has full authority and responsibility for the academic and administrative affairs and operations of UDC. Defendant Pollard is sued in his individual and official capacities.

4. Defendant Clemmie Solomon is an appointee of defendant Pollard at UDC. Defendant Solomon is the vice president of student affairs and is sued individually and in his official capacity.

5. Defendant Brian Baker, is in charge of the School of Law, Law Library. Defendant Baker is sued individually and in his official capacity.

6. Defendant William Thomas is a Technician in the Law Library in the School of Law. Defendant Thomas is sued in his individual and official capacities.

### III. FACTS

7. On Tuesday 10th, May 2005, between 7 and 8, p.m., plaintiff entered UDCs law library to conduct legal research.

8. A Technician sitting behind a desk requested identification.

9. Plaintiff produced UDC identification and was invited to enter the law library.

10. Plaintiff perused the "In this Issue Case Summaries", "Judicial Highlights", Words and Phrases" and "Key Number Digest" sections in book numbers 5-12, of the Federal Reporter, 3d series between thirty and forty-five (30-45) minutes and ended his research without incident.

11. Plaintiff started exiting the law library. As plaintiff was passing by the desk where the above referred to Technician was sitting, defendant Thomas stated to the plaintiff: "Hey Slick, you would not have gotten in here if I had been here".

12. On information and belief, defendant Baker banned the plaintiff from the law library and ordered defendant Thomas to enforce his ban.

13. On information and belief, defendant Baker informed defendants District of Columbia, Pollard and Solomon of his decision to ban the plaintiff from the law library.

14. On information and belief, defendants District of Columbia, Pollard and Solomon approved defendant Baker's decision to ban plaintiff from the law library.

15. On information and belief, defendant Solomon banned plaintiff from the law library and informed defendant District of Columbia and Pollard of his decision who did not disapprove of defendant Solomon's decision.

16. On information and belief, after defendants District of Columbia and Pollard approved defendant Solomon's decision to ban plaintiff from the law library, defendant Solomon ordered defendant Baker to enforce his ban of plaintiff from the law library.

17. Defendant Baker either knew of defendant Thomas' banning of plaintiff from using the law library or he should have known because he was in charge of the law library.

18. Defendants District of Columbia and Pollard either knew of defendants Solomon, Baker and Thomas' banning of plaintiff from using the law library or they should have known in the proper performance of their official supervisory positions.

19. Defendants District of Columbia and Pollard failed to supervise defendants Thomas, Baker and Solomon.

20. Defendants District of Columbia and Pollard failed to train defendants Thomas, Baker and Solomon.

21. Defendants District of Columbia and Pollard failure to supervise and train defendants Thomas, Baker and Solomon caused defendants Thomas, Baker and Solomon to violate plaintiff's constitutional rights.

22. The defendants failed to notify the plaintiff of defendants ban prior to 10 May 2005, and plaintiff's right to appeal, who to, and the time period for submitting the appeal.

23. On information and belief, defendants District of Columbia, Pollard, Solomon, and Baker had access to UDCs student database information during the Spring Semester 2005.

24. The defendants either knew that the plaintiff was on campus every Tuesday and Thursday, between 7 and 8:20, p.m. attending a class in Building 52, or

they should have known in the proper performance of their notification responsibilities to the plaintiff.

25. It would not have been a hardship on the defendants to walk down the street one block from their offices in Building 39, to Building 52 and hand deliver the notification of defendants ban on plaintiff from the law library and the plaintiff's rights to appeal their ban, who to, and the time for so doing.

### (a) EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. This case or controversy involves the Constitution of the United States, including, but not limited to the first, fifth, eighth, and fourteenth amendments thereto.

27. The defendants are members of the executive branch of government and lack expertise in interpretating constitutional amendments.

28. Defendants nonjudicial administrative remedy would not provide relief commensurate with plaintiff's constitutional claims.

29. Defendants nonjudicial administrative remedy would not resolve the merits of plaintiff's constitutional claims.

30. Defendants nonjudicial administrative remedy is inadequate to prevent irreparable injury.

31. Resort to defendants nonjudicial administrative remedy would be an exercise in futility.

32. Defendants will deny plaintiff's constitutional claims.

## FIRST CAUSE OF ACTION

33. RIGHT TO OBTAIN LEGAL INFORMATION FROM A PUBLIC FACILITY. At all times referred to herein, defendants were acting under color of state law.

34. The defendants actions and inactions are violative of the first and fourteenth amendments because the defendants banned the plaintiff from obtaining legal knowledge and legal information from a public facility.

## SECOND CAUSE OF ACTION

35. RIGHT TO DUE PROCESS OF LAW. At all times referred to herein, defendants were acting under color of state law.

36. Defendants actions and inactions are violative of the fifth and fourteenth amendments because the defendants sanctioned the plaintiff without providing plaintiff his due process rights to notification and appeal.

37. Defendants District of Columbia and Pollard failure to train and supervise defendants Thomas, Baker and Solomon amounted to a deliberate indifference to plaintiff's constitutional rights.

38. In 2005, a reasonable person working for defendants District of Columbia and Pollard would have known that the government could not deny a citizen access to a public facility under the circumstances *instanter*.

## THIRD CAUSE OF ACTION

39. RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENTS. At all times referred to herein, defendants were acting under color of state law.

40. Defendants actions and inactions cause plaintiff emotional distress in violation of the ban on cruel and unusual punishment and punishment disproportionate to offense in the eighth and fourteenth amendments.

### RELIEF

41. WHEREFORE, the premises considered, plaintiff respectfully request this court to:

(a) Enter a declaratory judgment, declaring defendants failure to hand deliver a copy of the notification of their ban and the right to appeal the ban, who to, and the time for so doing, when the plaintiff was on campus, to be deliberate, intentional, arbitrary, capricious, whimsical, an abuse of discretion, or otherwise not in accordance with law, contrary to constitutional right, power, or privilege; in excess of statutory authority or limitations or short of statutory rights, without observance of procedure required by law, and the Constitution of the United States, including, but not limited to the first, fifth, eight and fourteenth amendments thereto.

(b) Pursuant to the above declaratory judgment, a preliminary and permanent injunction which:

1. Requires defendants, their agents, representatives and subordinates to hand deliver to students, when they are on campus, notification of any ban, their rights to appeal, who to, and the time for completing such appeal;

2. Prohibits defendants, their agents, representatives and subordinates banning paralegals from entering the law library;

(c) Order defendants, individually and collectively to reimburse the plaintiff's costs for bringing this suit, including paralegal fees;

(d) Order defendants, to award plaintiff one-million (1,000,000) dollars compensatory damages and five-hundred thousand (500,000) dollars punitive damages, individually and collectively, for every day defendants banned plaintiff from using the law library;

(e) Order defendants to print plaintiff an apology in all UDC student, staff, faculty, undergraduate, graduate and school of law publications (including law journals);

(f) A trial by jury on all issues triable by jury;

(g) Such other and further relief as may appear just and proper.

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020)
Plaintiff Pro Se