UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Randolph J. Greene,** :
:
    **Plaintiff,** :
:
**v.** : Civil Action No. 05-1097 RWR
:
**Washington, DC,** *et al.* :
:
    **Defendants.** :

## DEFENDANTS' VERIFIED ANSWER

Now come defendants, Brian Baker and William Thomas, through counsel, and submits the following, under oath, in response to the Complaint herein.

### First Defense

The Complaint fails to state a claim for which relief can be granted.

### Second Defense

I. Jurisdiction

Defendants Baker and Thomas admit that this Court would have jurisdiction if the Amended Complaint actually set forth a claim by deny that jurisdiction is conferred by all of the statutes or any of the Constitutional provisions cited in the first section of the Amended Complaint. Defendants deny that Plaintiff is entitled to any relief requested.

Defendant denies that Plaintiff is entitled to a jury trial in that the Complaint lacks merit.

## II.  PARTIES

1. Defendants Baker and Thomas lack sufficient knowledge to admit or deny Plaintiff's residency or whether he holds a degree. Defendants Baker and Thomas have, in the course of their association with Plaintiff, been under the impression that he was enrolled in the paralegal studies program at UDC.

2. Defendants Baker and Thomas are unaware of any facts making Washington, D.C. an indispensable party and require strict proof thereof.

3. Defendants Baker and Thomas admit that Dr. William L. Pollard is the President of the University of the District of Columbia and is, therefore, the University's Chief Executive Officer. D.C. Official Code §38-1202.06(10) and 8 DCMR, §200.1. Defendants admit that 8 DCMR §202.1 accords to the President the full authority and responsibility for the academic and administrative affairs and operations of the University. Defendants deny that any basis is alleged for individual or official liability for Dr. Pollard.

4. Defendants admit that Dr. Clemmie Solomon is Vice President of Student Affairs at the University. Defendants deny that any basis is alleged for individual or official liability for Dr. Solomon.

5. Defendants admit that Brian Baker is Director of the UDC David A. Clarke School of Law Charles and Hilda Mason Law Library ("Law Library"), but deny that any basis is alleged for his individual or official liability.

6. Defendants admit that William Thomas is a Technician in the Law Library but deny that any basis is alleged for his individual or official liability to Plaintiff.

III.   FACTS

7. Defendants lack sufficient information to admit or deny the time of Plaintiff's entry or the nature of his use of the law Library on May 10, 2005, but admit that he was there.

8 - 10.   Defendants lack sufficient information to admit or deny the allegation of paragraph 8 through 10 of the Amended Complaint and hold Plaintiff to strict proof thereof.

11. Defendants admit that as Plaintiff was leaving the Law Library, he was spotted by Defendant Thomas who jovially addressed Plaintiff as "Slick" and made the remark attributed to him.

12. Defendants admit that on September 21, 2004, Defendant Baker instructed the Law Library staff that Plaintiff was not to be allowed to use the Law Library any more.

13. Defendants deny that Mr. Baker informed anyone else of his decision.

14. Defendants Baker and Thomas deny that the other defendants even knew of Defendant Baker's decision.

15. Defendants deny the allegations of paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations of paragraph 16 of the Amended Complaint.

17. Defendants deny that Defendant Thomas banned Plaintiff from using the Law Library since Plaintiff had completed his use when Defendant Thomas saw him, but admit that Defendant Baker would have approved such banning because it was at his instruction.

18 - 21. Defendants deny the factual conclusions of paragraphs 18 through 21 of the Amended Complaint.

22. Defendants admit that no effort was made to notify Plaintiff that he was banned from the Law Library or to in any other way enforce the ban.

23 - 25. Defendants deny the factual conclusions of paragraphs 23 through 25 of the Amended Complaint.

26. Defendants deny the legal conclusions of paragraph 26 of the Amended Complaint.

27. Defendants admit that they are administrative employees of the University and that they are not experts in constitutional interpretation.

28 - 32. Defendants decline to speculate about Plaintiff's meaning in paragraphs 28 through 32 of the Amended Complaint, but do deny that Plaintiff has demonstrated any constitutional claims in the Amended Complaint.

*First Cause of Action*

33.  Defendants deny that there is any such cause of action as a "Right to Otain legal Information from a Public Facility," but admit that at all relevant times they were acting under color of law.

34.  Defendants deny the legal conclusions of paragraph 34 of the Amended Complaint.

*Second Cause of Action*

35.  Defendants deny that Plaintiff was deprived of any life, liberty or property without due process of law, but admit that at all relevant times they were acting under color of law.

36 - 38.  Defendant deny the factual and legal conclusions of paragraph 36 through 38 of the Amended Complaint.

*Third Cause of Action*

39.  Defendants deny that Plaintiff was subjected to any cruel and unusual punishment, but admit that at all times they were acting under color of law.

40.  Defendants deny the factual and legal conclusions of paragraph 40 of the Amended Complaint.

*Relief*

41.  Defendants deny that Plaintiff is entitled to any of the relief requested.

### Third Defense

Any injury as Plaintiff may have suffered because of Defendant Baker's decision to not permit Plaintiff to use the Law Library is solely the result of Plaintiff's misconduct.

### Fourth Defense

When Plaintiff verbally abused a female law school student who legitimately challenged his use of the Law Clinic Library and Resource Center, he voluntarily assumed the risk of being barred from Law Library facilities.

### Fifth Defense

Plaintiff to failed to mitigate his alleged damages by refusing to apologize to the female law student as Defendant Baker instructed him to do.

### Sixth Defense

The University Defendants all have qualified immunity for actions taken in the course of duty.

### Seventh Defense

Defendants were justified in suspending Plaintiff's privilege to use the Law Library.

### Eighth Defense

Defendants are authorized to regulate the use of Law Library facilities for the benefit of law school students and faculty.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 14, 2005

_____
Brian Baker

Executed September 14, 2005

_____
William Thomas

Respectfully submitted by

_____
ROBIN C. ALEXANDER [D.C. Bar #184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202-274-5400
ralexander@udc.edu

**Certificate of Service**

I certify that a copy of the foregoing Verified Answer was mailed, first-class postage prepaid, this 14th day of September, 2005, to Randolph J. Greene, *pro se*, P.O. Box 36303, Washington, DC 20020.

_____
Robin C. Alexander