UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE :
    P.O. Box 36303 :
    Washington, DC 20020 :
     :
    Plaintiff, :
     :
    v. :    Civil Action # 05-1097 RWR
     :
WASHINGTON, DC, :
     :
WILLIAM L. POLLARD, President :
    University of the District :
    of Columbia, :
    4200 Connecticut Avenue, NW :
    Washington, DC 20008, :
     :
CLEMMIE SOLOMON, Vice President :
    University of the District :
    of Columbia, :
    4200 Connecticut Avenue, NW :
    Washington, DC 20008, :
     :
BRIAN BAKER, Professor :
    David A. Clarke School of Law :
    University of the District :
    of Columbia, :
    4200 Connecticut Avenue, NW :
    Washington, DC 20008, :
     :
and :
     :
WILLIAM THOMAS, Library Technician :
    David A. Clarke School of Law :
    University of the District :
    of Columbia, :
    4200 Connecticut Avenue, NW :
    Washington, DC 20008, :
     :
    Defendants. :

## MOTION OF DEFENDANTS POLLARD, SOLOMON, BAKER AND THOMAS TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

Come Defendants, Pollard, Solomon, Baker, and Thomas (collectively, "the University Defendants")both in their official and individual capacities, and move this Honorable Court, pursuant to F.R. Civ. P. 12(b)(1) and (6) to dismiss the Complaint herein for want of subject matter jurisdiction and for failure to state a claim for which this Court can grant relief. In the alternative, pursuant to F.R. Civ. P. 56, the University Defendants move this Court for summary judgment in their favor because the individual defendants, all public employees, are entitled to qualified immunity in their official capacities and no basis is asserted for personal liability. The grounds supporting these requests are fully articulated in the accompanying Memorandum of Points and Authorities and Statement of Material Facts Not Genuinely Subject to Dispute.

Respectfully submitted,

*Robin C. Alexander*
ROBIN C. ALEXANDER [D.C. Bar # 184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202.274.5400
ralexander@udc.edu

## Certificate of Service

I certify that a copy of the foregoing Motion to Dismiss, or, Alternatively, for Summary Judgment, accompanied by supporting Memorandum of Points and Authorities and Statement of Facts Not Genuinely Subject to Dispute was mailed, this 14th day of September, 2005, to Randolph J. Greene, Plaintiff *pro se,* at P.O. Box 36303, Washington, DC 20020 and to Robert J. Spagnoletti, Attorney General, D.C., 441 Fourth Street, N.W., Washington, DC 20001.

_____
Robin C. Alexander

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH J. GREENE | : |
| Plaintiff, | : |
| v. | : Civil Action # 05-1097 RWR |
| WASHINGTON, DC, | : |
| WILLIAM L. POLLARD, President | : |
| CLEMMIE SOLOMON, Vice President | : |
| BRIAN BAKER, Professor | : |
| and | : |
| WILLIAM THOMAS, Library Technician | : |
| Defendants. | : |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNIVERSITY DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

#### Introduction

Movants are Dr. William L. Pollard, President of the University of the District of Columbia (hereinafter, "UDC" or "the University"); Dr. Clemmie Solomon, Vice President, Student Affairs; Professor Brian Baker, Director of the UDC David A. Clarke School of Law Charlie and Hilda Mason Law Library (hereinafter, "Law Library"); and William Thomas, a library technician in the Law Library. They are referred to collectively as the "University Defendants."

According to the court's records, on or about June 2, 2005, Randolph J. Greene, the pro se Plaintiff herein, filed the instant action along with motions to proceed in forma pauperis

and to use a post office box address and an Amended Complaint. Plaintiff's motions were granted and on July 21, 2005 the court issued summonses to the Amended Complaint. Service of process was subsequently effected by the U.S. Marshal's service on the University Defendants. Each of the four University Defendants is sued in his personal and official capacity. No basis is alleged for personal liability for any defendant. Each defendant is a government employee responsible for some aspect of the operation and maintenance of the Law Library, as well as the safety and security of the premises and the authorized users of the premises, and is entitled to qualified immunity in his official capacity.

## Factual Background

On September 20, 2004, at approximately 9:40 p.m., University Campus Police were summoned to the UDC Law Clinic Library by a female law student aggravated by Plaintiff's usurpation of the law clinic facilities without right and disorderly conduct. The female law student had advised Plaintiff that the clinic library was solely for the use of law school students and had asked to see his student identification. Plaintiff had responded with foul language. The police informed Plaintiff that the clinic library was reserved for students of the UDC David A. Clarke School of Law and pointed out the sign on the door bearing such notice. Plaintiff used several expletives and the officers warned him about his language. The police escorted Plaintiff from the clinic library on the second floor of Building 39 to the main Law Library on the B level of the same building, three floors below. Def. Exhibit 1, UDC Incident Report # 04-0171. The clinic library could not be mistaken for part of the main library, which generally is open to the public.

2

According to the paragraph numbered 1 of the Amended Complaint, Plaintiff was an undergraduate student at the University. He was not and never has been enrolled in the law school. Although he had previously been allowed to use the law school library, as a member of the public, the law clinic library three floors up has always been reserved solely for the use of students and faculty of the law school. Def. Exhibit 2, Brian Baker Affidavit.

Brian Baker, the Director of the Law School Library, was informed by library staff of the incident the next day. Hearing of Plaintiff's disrespectful treatment of the female law school student, he advised his staff that he did not want Plaintiff in the library again. He did not take any formal action to bar Plaintiff from the Law Library. Def. Exhibit 2, Baker Affidavit.

According to the Amended Complaint, ¶7, Plaintiff did not learn until May 10, 2005, after using the Law Library that he was no longer welcome there. Plaintiff does not tell the Court if, or how often during the intervening academic year, he used the Law Library without incident. The official end of the academic year is May 15.

### Argument

I. **THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

For the purposes of a motion to dismiss for failure to state a claim for which relief can be granted, the well-pleaded, material allegations of the complaint must be deemed true and the complaint must be read in the light most favorable to the plaintiff. Shear v. National Rifle Assn., 196 App. D.C. 344, 606 F.2d 1251 (D.C. Cir. 1979) and McBryde v. Amoco Oil Co., 404 A.2d 200, 202 (D.C. 1979). See also, Donald v. Orfila, 618 F. Supp. 645 (D.D.C. 1985)

3

("... it is only well-pleaded material facts which are to be taken as admitted, . . .."). However, the causes of action Plaintiff attempts to assert are not well-pleaded.

Reading the Amended Complaint in the most favorable light possible, Plaintiff fails to allege which law(s) Defendants violated in their actions or how their actions offended any particular part of the United States Constitution. The First Amendment to the Constitution limits the power of Congress to make laws abridging the free exercise of religion, of speech, or of the press; to peaceably assemble, and to petition the government for redress. The Fifth Amendment, insofar as Plaintiff seems to consider it relevant, provides that no person shall be deprived of life, liberty, or property, without due process of law. The Eighth Amendment requires that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Fourteenth Amendment does not apply to or in the District of Columbia. Bolling v. Sharpe, 347 U.S. 497, 499 (1954). The statute under which Plaintiff brings this suit, 42 U.S.C. § 1983, guarantees equal protection of the laws. The Amended Complaint does not even suggest under what other parts of the Constitution Plaintiff perceives himself to be aggrieved.

The Amended Complaint fails to identify any statutory, common law, or Constitutional right under which Plaintiff was denied equal protection or denied due process as a result of any of Defendants' actions. The first section of the Amended Complaint asserts as the bases for this Court's jurisdiction over the action to be 28 U.S.C. §§ 1331, 2201, and 2202; 42 U.S.C. § 1983 and the Constitution of the United States, including but not limited to the First, Fifth, Eighth and Fourteenth Amendments. It also asserts that the amount in controversy exceeds any statutory required minimum. Venue is alleged to by provided for by 28 U.S.C.

§ 1391 and/or §1404. It is hard to imagine a more vague description of jurisdictional bases and the remainder of the Amended Complaint does not sufficiently clarify matters.

Essentially, Plaintiff seems to complain that he was denied use of the Law Library of the University of the District of Columbia without due process of law, a Fifth Amendment claim. However, Plaintiff does not cite any instance of being refused use of the Law Library at UDC. Plaintiff has not alleged an injury. Without an injury, there is no cause of action. There is no subject matter jurisdiction.

Further, even if Plaintiff had been denied access to the Law Library, he would not have alleged a claim enforceable through the courts. Plaintiff misapprehends his entitlement to the use of law school facilities. No provision of the Postsecondary Education Reorganization Act creating the District of Columbia confers rights of access to University facilities to the general public, or access to graduate and postgraduate program facilities to undergraduate students. The University was created to "consolidate the existing public institutions of postsecondary education in the University of the District of Columbia under a single management system. . . with several programs, schools, colleges, institutes, campuses and other components that offer a comprehensive program of public postsecondary education." D. C. Official Code §38-1202.05 (2001 Ed.). Being a "public" institution means it is publicly funded, not that members of the public are allowed to use its facilities at their whim. Access to and use of the University facilities is not a right to be enjoyed by any member of the public. Rather, it is a privilege enjoyed only by those who have been accepted for admission and have paid all the requisite fees. See 8 DCMR, ch. 7.

5

Generally, the public is allowed to use the UDC Law Library (except during exam weeks when it is reserved solely for the law school students), provided the public's use does not interfere with the work or needs of the law school students for whom the Law Library was created and is maintained. Being a student of the undergraduate division of the University does not put one on a par with law school students for use of the Law Library. Admission requirements are very different and tuition for the law school is considerably higher than undergraduate tuition at UDC.

Further, Plaintiff has not alleged any "official municipal policy" adopted by the District of Columbia, *Id.* At 691, that has been violated by the University Defendants; nor has he alleged the existence of an official municipal or University policy to deprive Plaintiff of his rights.

## II.   NO INDIVIDUAL CAPACITY ACTION BY ANY DEFENDANT IS ALLEGED.

The Amended Complaint does not allege a single instance of allegedly wrongful action by any defendant in his individual capacity or for a personal motive. Each action alleged to have been taken was alleged to have been and, indeed, would have to have been taken, in the actor's official capacity. No personal animus or motivation of any kind is asserted as the basis for any allegedly wrongful conduct. No basis for individual liability is asserted against any defendant.

## III.   UNIVERSITY DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the non-moving party. <u>McKinney v. Dole</u>, 765 F.2d 1129, 1135 (D.C. Cir. 1985). Once the moving part makes its initial showing, however, the nonmoving party must demonstrate "specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324; <u>McKinney</u>, 765 F.2d at 1135.

Attached as Defendants' Exhibit 1 is the documentation accumulated by the Campus Police about the September 20, 2004, incident that makes clear Plaintiff's conduct constituting more than sufficient cause for him to be banned from the Law Library. Plaintiff entered a computer lab clearly labeled for the exclusive use of Law School students several floors above the general reading area open to the public. To put it mildly, he was rude to a law school student who challenged his right to be there. He subsequently bragged to Campus Police about the disrespectful and foul language with which he had addressed her.

IV.   **THE UNIVERSITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

The individual defendants are shielded from liability for allegedly unconstitutional action by the doctrine of qualified immunity. Pursuant to the doctrine, government officials who perform discretionary acts are immune from liability for allegedly unconstitutional conduct so that "they not be unduly inhibited ir or diverted from the exercise of their duties by fears of personal monetary liability and harassing litigation." <u>Harris v. District of Columbia</u>,

932 F.2d 10, 13 (D.C. Cir. 1991).  Application of that doctrine ensures that government officials are not burdened by disruptive litigation against them, and that insubstantial claims are resolved upon motion for summary judgment. *Id.* (*citing* Anderson v. Creighton, 483 U.S. 635, 646 (1987); Malley v. Briggs, 475 U.S. 335, 341 (1986); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Accordingly, "officials are liable for committing constitutional torts. . . only if they knew or were unreasonable in not knowing, that their behavior violated the Constitution." Harris, 932 F.2d at 13, Harlow, at 818.

Five years ago, this court upheld the University's removal and barring from its computer labs of persons claiming a right of public access.  Neither the trial court's memorandum opinion nor the summary affirmance by the D.C. Circuit was published, however.  Nonetheless, University officials, including the Director of the UDC Law Library, were aware of the rulings and have every reason to believe that they have the authority and the right to exclude from University facilities any person who abuses those facilities or the students and faculty for whom those facilities are maintained.

The Amended Complaint herein does not allege any facts which would demonstrate that any of the individual defendants knowingly or intentionally violated any of Plaintiff's constitutional rights. Indeed, the Plaintiff alleges, paragraph 27, that defendants lack expertise in interpreting constitutional amendments.

V.     **THE UNIVERSITY OF THE DISTRICT OF COLUMBIA IS *NON SUI JURIS*.**

The liability, if any, following from a federal civil rights suit based on official capacity, runs against the local government entity, not the individual defendant.  Monell v. Dept. of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 n. 55, 56 L.Ed.2d 611 (1978).  All the

8

individual defendants named by Plaintiffs are employees of the University of the District of Columbia, an independent agency of the government of the District of Columbia. D.C. Code §38.-1202.01(b). It is not a corporate body and does not have the power to sue or be sued. Hinton v. Metropolitan Police Dept., Fifth District, 726 F. Supp. 875 (D.D.C. 1989); Braxton v. National Capital Housing Authority, 396 A.2d 215 (D.C. 1978 ); Robinson v. District of Columbia Board of Higher Education, 359 A.2d 28 (D.C. 1976); Miller v. Spencer, 330 A.2d 250 (D.C. 1974); and Miller v. Board of Education of the District of Columbia, 106 F. Supp. 988 (D.D.C. 1952). *Non sui juris* governmental components cannot be sued. Blackmar v. Guerre, 342 U.S. 512, 515 (1952).

## Conclusion

Because it fails to state, in well-pleaded allegations, a claim for which relief can be granted, because the individual defendants have qualified immunity and because there is no basis asserted for personal liability of any defendant, the Amended Complaint herein should be dismissed with prejudice. In the alternative, the material facts herein which cannot be genuinely disputed entitle defendants to judgment as a matter of law and judgment should therefore be granted to the defendants.

Respectfully submitted,

_/s/ Robin C. Alexander_
ROBIN C. ALEXANDER D.C. Bar No. 184572
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202.274.5400
ralexander@udc.edu

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RANDOLPH J. GREENE** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action # 05-1097 RWR |
| : | |
| **WASHINGTON, DC,** : | |
| : | |
| **WILLIAM L. POLLARD, President** : | |
| : | |
| **CLEMMIE SOLOMON, Vice President** : | |
| : | |
| **BRIAN BAKER, Professor** : | |
| : | |
| **and** : | |
| : | |
| **WILLIAM THOMAS, Library Technician** : | |
| : | |
| **Defendants.** : | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT GENUINELY SUBJECT TO DISPUTE

1. The University of the District of Columbia Law Library is a facility of the UDC David A. Clarke School of Law.

2. The David A. Clarke School of Law at the University of the District of Columbia is publicly funded., as is the University.

3. The University is an independent agency of the government of the District of Columbia. D.C. Official Code §38-1202.01(b).

4. On September 20, 2004, Plaintiff abused his access privileges to the general reading room of the Law Library by entering the Law Clinic Library and Resource Center three floors above and insisting on using a computer there. Defendants' Exhibit 1.

5. A sign was clearly posted on the door of the Law Clinic Library and Resource Center advising that it was reserved solely for the use of law school students. Defendants' Exhibit 1.

6. A female law school student challenged Plaintiff's right to use the Clinic Resource Center. Defendant's Exhibit 1.

7. Plaintiff verbally abused the female student. She called Security.

8. Campus Police escorted Plaintiff from the Clinic Resource Center and reported the incident to library personnel at the general reading room.

9. Upon hearing of the incident the next day, Brian Baker, Director of the Law Library, instructed his staff not to admit Plaintiff to the Law Library again. Defendants' Exhibit 2.

10. Mr. Baker did not take formal steps to bar Plaintiff from the Law Library. Defendants' Exhibit 2.

11. Not until May 10, 2005, as he was leaving the Law Library general reading room after using it did Plaintiff learn from Mr. William Thomas, a Library Technician who remembered Mr. Baker's admonition not to admit him, did Plaintiff learn that he was not welcome there. Plaintiff had completed his use of the Law Library at that time. Amended Complaint, ¶11.

Respectfully submitted,

ROBIN C. ALEXANDER D.C. Bar No. 184572
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202.274.5400
ralexander@udc.edu

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH J. GREENE | : |
| Plaintiff, | : |
| v. | : Civil Action # 05-1097 RWR |
| WASHINGTON, DC, | : |
| WILLIAM L. POLLARD, President | : |
| CLEMMIE SOLOMON, Vice President | : |
| BRIAN BAKER, Professor | : |
| and | : |
| WILLIAM THOMAS, Library Technician | : |
| Defendants. | : |

## O R D E R

Upon consideration of the motion by the University Defendants to dismiss this action for its failure to state a claim, or, alternatively, for summary judgment herein, the opposition thereto, and the Record herein, and it appearing that Plaintiff has failed to state a claim for which relief can be granted, and that, if he had suffered some harm, the University are entitled to summary judgment as a matter of law, it is this ____ day of _____, 2005,

ORDERED:   THAT the Amended Complaint be and hereby is DISMISSED with prejudice.

_____
The Honorable Richard W. Roberts

cc:   Robin C. Alexander
      General Counsel
      University of the District of Columbia

4200 Connecticut Avenue, N.W.
Washington, DC 20008
ralexander@udc.edu

Robert J. Spagnoletti
Attorney General, D.C.
1350 Pennsylvania Avenue, N.W.
Washington, DC 20004

Randolph J. Greene
*Pro se* Plaintiff
P.O. Box 36303
Washington, DC 20020