UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
SEP 2 2 2005
RECEIVED

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,
    Plaintiff                        Civil Action #05-1097(RWR)

Vs.

DISTRICT OF COLUMBIA; et al.,
    Defendants.

### PLAINTIFF'S RESPONSE TO DEFENDANTS BAKER AND THOMAS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

AND NOW COMES Randolph J. Greene, plaintiff, pro se, and for his response to defendants BAKER and THOMAS' motion to set aside the Clerk's entry of default, request this Honorable Court to deny defendants motion for the following, but not limited reasons:

1. Defendants default was willful.

2. Defendants cannot avoid the consequences of their attorneys' acts or omissions.

3. Plaintiff will be prejudiced if defendants motion is granted.

4. Defendants defense is not meritorious.

2

Attached hereto in support of this response is plaintiff's memorandum of law on points and authorities.

Respectfully submitted,

*/s/ Randolph J. Greene*
RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C.
(202) 561-4503
Plaintiff Pro Se

Case 1:05-cv-01097-RWR   Document 22   Filed 09/22/2005   Page 2 of 8

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,

    Plaintiff                               Civil Action #05-1097(RWR)

v.

DISTRICT OF COLUMBIA; et al.,

    Defendants.

### MEMORANDUM OF LAW ON POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS BAKER AND THOMAS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

#### I. STATEMENT

This is a *pro se* civil rights action against defendants for declaratory and injunctive relief, compensatory and punitive damages against defendants for banning plaintiff from UDCs law library minus rudimentary due process and minimum procedural safeguards. The defendants were served with a copy of the summons and complaint 21 July 2005 in their official and individual capacities and ordered to respond or otherwise plead by or before 8 August 2005. The defendants Baker and Thomas defaulted. And they failed to apply for an extension of time to respond or otherwise plead before the expiration of the time limit.

2

## II. ARGUMENT

### WILFULNESS

In every attorney's office in every part of the civilized world, attorneys have large calendars displayed somewhere prominently. Judge, Ms. Robin C. Alexander is not the only attorney in the General Counsel's Office; her partner is a Ms. Clarine Martin. And because the District of Columbia is named as a defendant in this litigation, Ms. Alexander could have telephoned either the Corporation Counsel's Office or the Attorney General of the District of Columbia, the Honorable Robert J. Spagnoletti and explained her situation and requested them to prepare a motion for an extension of time on their client's behalf. Ms. Alexander's failure to contact Ms. Martin and or the Corporation Counsel's Office or the District of Columbia Attorney General's Office was willful. Judge, every time, UDC default's in a civil action, Ms. Alexander makes the same argument. This evidences a pattern of conduct. See "UDC argues to keep donation" (THE WASHINGTON TIMES)(31 March 2005)(attached hereto as Plaintiff's Exhibit "A"). If the court denies the motion to set aside the Clerk of Court's entry of default, the court will be sending a clear message to defendant POLLARD who obviously does not hear Ms. Alexander when she tells him that she is short staffed.

### ATTORNEYS ACTS OR OMISSIONS

Judge defendants Baker and Thomas requested in writing, representation by UDCs General Counsel's Office for better or worse. Subsequent to their request for representation defense counsel defaulted. In Link v. Wasbash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) and United States v. Boyle, 469 U.S.

241, 1055 S.Ct. 687, 83 L.Ed.2d 622 (1985), the United States Supreme Court considered whether or not an attorney's acts or omissions could be the basis for vacating a default judgment. The Court held that litigants could not avoid the consequences of their attorney's acts or omissions. <u>Link, id.</u> At 633-34. Your Honor, we submit respectfully that the issue before this court concerning Ms. Alexander's conduct has already been decided by the Great Institution.

### PREJUDICE

Lawyers have a saying among themselves that "He who has himself for a client, is represented by a damn fool". A *pro se* litigant, with a thumbnail sketch of understanding of the law is clearly prejudiced if he has to represent himself and compete against licensed members of the bar.

### DEFENDANTS BAKER AND THOMAS' DEFENSE

In their motion to set aside, defendants argue that the amended complaint fails to state a claim upon which relief may be granted. The amended complaint states the date of the violation of plaintiff's rights, the time of day plaintiff's constitutional rights were violated, the place where plaintiff's constitutional rights were violated and the names of the people who violated plaintiff's constitutional rights. Your Honor, Rule 8, of the Federal Rules of Civil Procedure does not require a claimant to set out in detail facts upon which he bases his claim. Judge, Rule 8 only requires a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

4

rests. Taylor v. U. S. Probation Office, 409 F.3d 426 at 428 (CADC 2005). In light of defendants Baker and Thomas' lengthy verified answer, plaintiff respectfully submits that the amended complaint meets the notice pleading standard of Rule 8. As for grounds upon which relief may be granted, banning a paralegal from a public law library denies the paralegal the right to read, to learn, to assimilate knowledge and ideas. Your Honor, the United States Supreme Court has clearly held that "freedom of speech under the first amendment is not merely freedom to speak; *it is also freedom to read.* Lamont v. Postmaster General, 381 U. S. 301 at 306-07, 85 S.Ct. 1493, 14 L.Ed. 2d 398 (1965) and Stanley v. Georgia, 394 U.S. 557 at 564, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). In this country, a *governmental* agency cannot chill a person's first amendment rights under the circumstances presented *instanter*.

    WHEREFORE, the premises considered, defendants Baker and Thomas' motion to set aside the Clerk of Court's entry of default should be DENIED.

Respectfully submitted,

RANDOLPH J. GREENE<br>
P.O. Box 36303<br>
Washington, D.C. 20020<br>
(202) 561-4503<br>
Plaintiff Pro Se

Kiss your fax machine   Try it FREE »

# The Washington Times
www.washingtontimes.com

## UDC argues to keep donation

Exhibit "A"

By Jim McElhatton
THE WASHINGTON TIMES
Published March 31, 2005

The University of the District of Columbia is asking a federal judge to dismiss a request that the school return hundreds of thousands of dollars in donations from a prominent health care executive.

In court documents made public yesterday, the university said the funds sought by a liquidating trust charged with recovering assets of Doctors Community Healthcare Corp. have not been transferred to the school from a nonprofit organization called the UDC Foundation Inc.

The university said in the U.S. Bankruptcy Court pleadings that the school and the foundation are separate entities, arguing that UDC should not be held liable for charitable donations held by the foundation.

However, the trust wants the university to pay back $330,000 -- money it says former Doctors Community Healthcare Corp. Chief Executive Officer Paul R. Tuft gave to the school using borrowed corporate money.

In addition, the trust wants a judge to declare the university in default because it says the school has failed to meet court deadlines to respond to the complaint.

University officials filed their response in court Tuesday -- more than two months after a court-ordered Jan. 10 deadline -- in legal documents that were made public yesterday.

School officials yesterday acknowledged filing late, but said their response was not prompted by inquiries from The Washington Times on Tuesday.

University General Counsel Robin C. Alexander said in court papers the school "promptly began to prepare a legal response to the creditor's complaint, but forgot to file because of understaffing and distractions of other major cases involving the school.

"Under-resourced like much of the University since the tragic budget cuts and forced downsizings of the 1990s, counsel had to tend to every detail of evidence collection and production herself, including two weeks of virtually back-to-back depositions," Miss Alexander wrote in the filing.

She asked the federal court that the university "not be penalized for counsel's forgetfulness."

"Defendant is a corporate entity and is not an infant," the trust's attorneys wrote of the delay in a legal filing earlier this month.

UDC President William L. Pollard, in an affidavit included in the school's response, said Mr. Tuft originally pledged a $500,000 donation, but foundation records show a total of $230,000 worth from four checks between November 2001 and October 2002.

The trust, however, contends that Mr. Tuft donated five checks and a total of $330,000 to the school between October 2001 and October 2002.

University officials said the pledge -- described at the time as one of the biggest in UDC history -- was earmarked for a community-service program focusing on "urban health issues." UDC said in legal papers that it has not established any such program and that as a result, the funds have not been transferred from the foundation to the school.

The donations from Mr. Tuft were made before Doctors Community went bankrupt in 2002, according to the trust. Now the trust says the university should forfeit the funds so they can be distributed to creditors. Doctors Community emerged from bankruptcy last year.

A hearing on the trust's complaint against the university scheduled for yesterday in U.S. Bankruptcy Court was postponed, said an attorney for the trust.

Mr. Tuft declined to comment, referring to an attorney who was not available by press time.

Copyright © 2005 News World Communications, Inc. All rights reserved.

**Return to the article**


Click Here For Commercial Reprints and Permissions
Copyright © 2005 News World Communications, Inc.