UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Randolph J. Greene,      :
                         :
    Plaintiff,           :
                         :
    v.                   :   Civil Action No. 05-1097 RWR
                         :
Washington, D.C.,        :
                         :
William L. Pollard,      :
                         :
Clemmie Solomon,         :
                         :
Brian Baker, and         :
                         :
William Thomas,          :
                         :
    Defendants.          :

## DEFENDANTS BAKER AND THOMAS' OPPOSITION TO PLAINTIFF'S MOTION FOR A DEFAULT JUDGEMENT

Now come Defendants Brian Baker and William Thomas, employees of the University of the District of Columbia, through counsel, in opposition to the Plaintiff's motion for a default judgment. A Memorandum of Points and Authorities in Support of the Motion is attached herein and incorporated by reference herein

Respectfully submitted for
ROBIN C. ALEXANDER [D.C. Bar #184572]
General Counsel / ralexander@udc.edu

CLARENE MARTIN (D.C. Bar #193235)
Assistant General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202-274-5400

## Certificate of Service

I certify that a copy of the foregoing Opposition to Plaintiff's Motion for Default Judgement, accompanied by a Memorandum of Points and Authorities and a Proposed Order, was mailed, first-class postage prepaid, this 28th day of September, 2005, to Randolph J. Greene, *pro se*, P.O. Box 36303, Washington, DC 20020.

_____
Clarene Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Randolph J. Greene,                    :
                                       :
       Plaintiff,                      :
                                       :
v.                                     :   Civil Action No. 05-1097 RWR
                                       :
Washington, DC, *et al.*,              :
                                       :
       Defendants.                     :

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS BAKER AND THOMAS' OPPOSITION TO PLAINTIFF'S
MOTION FOR DEFAULT JUDGEMENT

Factual Background

On August 8, 2005, Defendants Baker and Thomas were served by the U.S. Marshall with their summonses and Amended Complaints herein on August 11, 2005 Defendants Baker and Thomas and signed Requests for Representation with the General Counsel of the University of the District of Columbia for their defense. Unfortunately, the press of other business prevented counsel from preparing a response to the Amended Complaint, before she left for her annual vacation. Upon her return, an unusual mass of new cases and "urgent" matters demanded her immediate attention. In any event, she was prepared to electronically file a dispositive motion on behalf of Defendants Baker and Thomas and the remaining University Defendants on September 12, 2005, when she checked and discovered that the Clerk had just entered a default against Defendant Baker and Thomas.

1

On September 14, 2005, she filed Defendants' Verified Answer to the Amended Complaint , and Motion for Summary Judgement for both defendants.

## ARGUMENT

I. <u>Good Cause To Deny Plaintiffs' Motion Exists Because This Court Lacks Subject Matter Jurisdiction.</u>

While the Amended Complaint sets forth a statutory basis for federal jurisdiction, it does not describe any injury justifying the claims. The Amended Complaint attempts to assert claims for deprivation of a right to obtain legal information from a public facility, denial of life, liberty or property without due process of law, and subjection to cruel and unusual punishment. The first cause of action does not exist. The second is belied on the face of the Amended Complaint in paragraph 11, where Plaintiff alleges he learned he was barred from the Law Library after he had concluded use of it. The third is patently frivolous. As demonstrated in Defendants motion to dismiss or for summary judgment filed September 14, 2005 with this Court, Plaintiff had abused his privilege of access to the Law Library. Denial of an abused privilege hardly amounts to cruel and unusual punishment.

II. <u>Good Cause To Deny Plaintiffs' Exists Because Any Failure to Respond Was Not the Fault of the Defendants.</u>

Where there is a failure to specifically file a response to the complaint at an earlier date, the failing is not to be attributed to the client and the client is not to be

2

penalized by a default or default judgement if any such failing was not the fault of the client. Jackson v. Beech, 636 F.2d at 831; Barber v. Turberville, 218 F.2d at 36. In this case, any failure to file a response at an earlier date or motion for extension to file is attributable only to this counsel's failure to deliver to the court the response in a timely fashion . Defendants submitted the request for representation and the Complaint to the this counsel within a timely fashion: within three business days of receipt. Because of counsel's heavy workload coupled with urgent matters, the response was overdue.

II.     **Good Cause Exists Because There Is No Prejudice to Plaintiff**

Moreover, motion for default judgement should not be granted because there has been no prejudice to Plaintiff. The Defendants' response to the Amended Complaint was filed 16 days after Defendant's response to the Complaint was due, two days after entry of the default judgment by the Clerk of the Court and eight (8) days prior to the day that Plaintiff filed Motion for Default. Further, service of process was made later on the other University defendants and their responses were due at a later date and were timely filed. Therefore, the Court should not grant the Plaintiff's Motion for Default Judgement because Plaintiff would not be prejudiced.

3

### Conclusion

For the foregoing reasons, the Motion for Default Judgement herein should not be granted.

                                    Respectfully submitted for

                                    ROBIN C. ALEXANDER [D.C. Bar #184572]
                                    General Counsel   ralexander@udc.edu

                                    CLARENE MARTIN (D.C. Bar #193235)
                                    Assistant General Counsel
                                    University of the District of Columbia
                                    4200 Connecticut Avenue, N.W.
                                    Washington, DC 20008
                                    202-274-5400

ralexander@udc.edu

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Randolph J. Greene, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-1097 RWR |
| Washington, DC, *et al.*, | : |
| Defendants. | : |

### O R D E R

Upon consideration of Defendant's opposition the Plaintiff's Motion for Default Judgement and the memorandum o points and authorities in support thereof, and the record herein, it is by this Court this _____ day of _____, 2005,

ORDERED: That the Plaintiff's Motion for Default Judgement shall be and id hereby **DENIED**

_____
United States District Judge

cc:   Robin C. Alexander
       University General Counsel
       University of the District of Columbia
       4200 Connecticut Avenue, N.W.
       Washington, DC 20008

       Mr. Randolph J. Greene
       P.O. Box 36303
       Washington, DC 20020

1