UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLPH J. GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1097 (RWR) |
| ) | |
| WASHINGTON, D.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER

Pending before the Court are Defendants Brian Baker and Willliam Thomas' Motion to Set Aside the Clerk's Entry of Default and plaintiff's motion for default judgment against these defendants. In addition, plaintiff moves for the appointment of counsel. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion to vacate the default, deny plaintiff's motion for counsel, and advise plaintiff as a *pro se* party about responding to defendants' motion to dismiss or for summary judgment brought on behalf of Baker, Thomas, William L. Pollard and Clemmie Solomon.

1. Defendants' Motion to Vacate Entry of Default

Resolving litigation by default is disfavored because of "the strong policies favoring the resolution of genuine disputes on their merits. . . ." *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir.1980).[1] Thus, entry of default may be set aside merely "for good cause shown." Fed. R. Civ. P. 55(c). In determining whether good cause is shown, courts balance three factors: whether "1)

---

[1] Default judgments, in particular, are normally meant to protect the diligent party against "interminable delay" caused by an "essentially unresponsive party" whose nonfeasance has halted the adversary process. *Jackson*, 636 F.2d at 836 (citation omitted)

the default was willful, 2) a set-aside would prejudice plaintiff, and 3) the alleged defense was meritorious. . . ." *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir.1980); *see also Baade v. Price*, 175 F.R.D. 403, 405-406 (D.D.C. 1997) (citing *Jackson*, 636 F.2d at 836). In assessing the factual circumstances asserted by the parties, "all doubts are resolved in favor of the party seeking relief." *Jackson*, 636 F.2d at 836 (citation omitted).

Baker and Thomas are employees of the University of the District of Columbia. They are represented by the University's Office of General Counsel. Their counsel of record takes sole responsibility for the untimely response to the complaint. *See* Memorandum of Points and Authorities in Support of Defendants Baker and Thomas' Motion to Set Aside Default at 1; Memorandum of Points and Authorities in Support of Defendants Baker and Thomas' Response to Their Motion to Set Aside Clerk's Entry of Default at 2 (defendants sought representation from the Office of General Counsel three business days after receiving the complaint). Moreover, defendants have asserted meritorious grounds for dismissal in their dispositive motion to which plaintiff will be provided time to respond. At this stage of the proceedings, plaintiff will not be prejudiced by the granting of the motion to set aside the default.

2. <u>Plaintiff's Motion for the Appointment of Counsel</u>

The Court has considered the factors for appointing counsel set forth at Local Civil Rule 83.11. Plaintiff has ably represented himself to this point in the proceedings. It is too early for the Court to gauge the complexity of the issues or whether the case will advance beyond the current motions phase. Given the limited availability of *pro bono* counsel, the Court will deny plaintiff's motion without prejudice to reconsideration after resolution of the pending dispositive motion.

3. <u>Responding to Defendants' Motion</u>

The Court will advise the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court regarding the defendants' motion. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

Plaintiff's attention is directed to Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment, which states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no

> genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendants in support of a motion for summary judgment unless the plaintiff submits his own affidavits or documentary evidence showing that the defendants' assertions are untrue.  *See Neal v. Kelly*, 963 F.2d at 456.

Additionally, the plaintiff is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party has the right to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(e).

The Court may treat as conceded any motion not opposed within the time limits outlined in this Order.  Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined in this Order.  Thus, failure to respond to the defendant's motion in this case carries with it the risk that judgment will be entered for the defendant.

For the preceding reasons, it is hereby

ORDERED that the joint motion of defendants Brian Baker and William Thomas to set aside the entry of default [## 13, 14] is GRANTED, and the default [# 11] is hereby VACATED; it is further

ORDERED that plaintiff shall file his response to defendants' motion to dismiss or for summary judgment no later than **November 15, 2005**. If plaintiff does not respond by that date, the Court will treat the motion as conceded and may dismiss the case; it is further

ORDERED that plaintiff's motion for an enlargement of time to cross move for summary judgment [# 19] is DENIED as moot; it is further

ORDERED that plaintiff's motion for default judgment [# 20] is DENIED as moot; and it is further

ORDERED that plaintiff's motion for the appointment of counsel [# 21] is DENIED without prejudice.

_____/s/_____
RICHARD W. ROBERTS
DATE: October 7, 2005               United States District Judge