UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


RANDOLPH J. GREENE,

          Plaintiff                             Civil Action #05-1097(RWR)

    v.

DISTRICT OF COLUMBIA; et al.,

          Defendants.


**PLAINTIFF'S REQUEST TO SUBSTITUTE PAGES 2,7,10,12
AND 23-24 IN THE RELATION BACK AMENDED COMPLAINT**

TO THE CLERK OF COURT:

    COMES NOW Randolph J. Greene, and pursuant to the Local Rules of the United States District Court for the District of Columbia, and respectfully request the Clerk of the Court to substitute Pages 2,7,10,12 and 23-24, in the Relation Back Amended Complaint tendered on or about 13 November 2005, for the following, but not limited reasons:

    1.  This is a *pro se* civil rights action.

    2.  Pages 2,7,10,12 and 23-24 in the original relation back amended complaint contains grammatical omissions and superfluous commentary.

    3.  This motion is timely.

    4.  This motion is submitted in good faith and not to vex the orderly proceedings in this case.

    5.  The defendants will not be prejudiced if this motion is granted.

RECEIVED

NOV 1 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6.  The plaintiff may not be prejudiced if this request is denied, but it may be a reflection on plaintiff's penmanship that he could do without.

7.  On information and belief, the Clerk of Court is invested with discretionary authority to grant this request and substitute the accompanying pages in the original relation back amended complaint.

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202)561-4503
Plaintiff Pro Se

States, including, but not limited to the first, fifth, eighth and fourteenth amendments thereto. The amount in controversy exceeds any statutory required minimum. Venue is provided for by Title 28, United States Codes §§1391 and or 1404.

## II. PARTIES

1. Plaintiff Randolph J. Greene, is a resident of Washington, D.C., holding a A.A.S. degree from the University of the District of Columbia (herein after referred to as "UDC"), in paralegal studies. At all times referred to herein, plaintiff was enrolled at UDC during the Spring Semester 2005, seeking a B.A. degree in Business Management.

2. Defendant Washington, D.C. (hereinafter referred to as "District of Columbia"), pursuant to Title 1, D.C. Codes §§102 and 109, shall defend any civil action, in any court or federal forum against the District of Columbia, or its officers, employees, or agents, and shall assume any liability resulting from such action or proceeding. The District of Columbia is joined in this action pursuant to Rule 19, of the Federal Rules of Civil Procedure as an indispensable party. Defendant District of Columbia is a sovereign entity who has a proprietary interest in the physical structure of UDC and is sued in its official capacity only.

3. Defendant Board of Trustees of the University of District of Columbia, is joined in this action pursuant to Title 38, D.C. Codes §§1202.01 and 1202.06, and charged with the responsibility for governing the University of the District of Columbia (hereinafter referred to as "UDC"), its agents, representatives and to determine, control, supervise, manage and govern all affairs of UDC.

officers on the plaintiff caused the plaintiff to experience embarrassment, humiliation, wounded pride, indignation, despair, headaches, nightmares, fear and a sense of helplessness.

36.  Plaintiff stood up and in another moderate tone of voice to defendant Tshiteya stated that he had permission to use the computer lab and that plaintiff did not care who she called and sat back down and continued typing.  Plaintiff's Exhibt"H".

37. At all times referred to herein, a Mr. Robert Patterson was present during the above referred to colloquy between defendant Tshiteya and the plaintiff.

38. Mr. Robert Patterson informed defendant Tshiteya that if she needed access to a computer, that defendant Tshiteya could borrow Mr. Patterson's lap top. Plaintiff's Exhibit "H".

39. Defendant Tshiteya declined Mr. Patterson's offer without explanation.

40.  On information and belief, on 20 September 2004, defendant Tshiteya did not need access to a computer terminal between 9 and 10 p.m.

41. On information and belief, defendant Tshiteya verbally harassed the plaintiff concerning his presence in the computer lab as a pretext to initiate dialogue with the plaintiff.

42.  Subsequently, two D.C. Government Police Officers responded to defendant Tshiteya's telephone call and escorted plaintiff from the computer lab three floors down to defendant Thomas' work station on B-level in Building 39.

43. There, defendant Thomas was asked if he gave the plaintiff permission to use the computer lab.

61. After the defendants decided to charge the plaintiff with nonacademic misconduct on UDCs campus, they decided to restrict plaintiff's access to the law school facility. Plaintiff's Exhibit "E".

62. Restricting a UDC student, in good standing, access to a UDC facility is defined as a sanction in the defendants rules and regulations.

63. On information and belief, defendant Solomon had supervisory authority over the activities referred to in ¶¶56-62.

64. Between the time that the defendants decided to charge the plaintiff with nonacademic misconduct on UDCs campus and the time that the defendants decided to restrict plaintiff's access to the law school facility, the defendants denied the plaintiff:

(a) a hearing before an *impartial* tribunal;

(b) the right to representation at that hearing;

(c) the right to present evidence at the hearing;

(d) written findings and reasons for the action taken by that hearing committee;

(e) the right to appeal;

65. Rather than refer plaintiff's alleged nonacademic misconduct through the proper authority for disposition, defendants District of Columbia, Board of Trustees, Pollard, Solomon and Baker concluded that :

(a) plaintiff was guilty as charged;

(b) summarily sanctioned the plaintiff;

to experience shock, indignation, headaches, wounded pride, humiliation, embarrassment, despair, and a sense of helplessness.

68. Defendants District of Columbia, Board of Trustees and Pollard promulgated the Code of Student Conduct to regulate students behavior and speech.

69. However, none of the articles in the Code of Student Conduct define or explain what constitutes "appalling" or "abusively rude" behavior.

70. Some of the words plaintiff allegedly spoke to defendant Tshiteya are set forth in the King James version of the Holy Bible but are not proscribed in the defendants written rules and regulations as impermissible speech.

71. On information and belief, the sign posted in the law school's computer lab states "Use of the computer lab is restricted to law school students only". Plaintiff's Exhibit "F".

72. On 20 September 2004, between 9 and 10 p.m., defendants District of Columbia, Board of Trustees, Pollard, Solomon and Baker failed to use government land to provide alternative access to computer terminals to UDC students who were not attending law school.

73. On Tuesday 10th, May 2005, between 7 and 8 p.m., plaintiff entered UDCs law library to conduct legal research.

74. A Technician sitting behind a desk requested identification.

75. Plaintiff produced UDC identification and was invited to enter the law library.



*employees of the law school facility* exercising police powers on members of the public, including UDC undergraduates;

2.  Requires defendants, their agents, representatives, subordinates and successors in office to provide UDC undergraduates, in good standing, alternative late night (i.e., until the time that the university closes)  access  to computer terminals;

3.  Requires defendants, their agents, representatives, subordinates and successors in office to instruct law school student employees to call a first responder for the enforcement of any perceived violation of any rules, regulations or posted signs for the orderly functioning of the law school facility;

4.  Requires defendants, their agents, representatives, subordinates and successors in office to undergo bi-annual training concerning  disciplinary proceedings and dispositions referred to in the Code of Student Conduct;

5.  Prohibits defendants, their agents, representatives, subordinates and successors in office from making unilateral conclusions on UDC undergraduates guilt concerning alleged nonacademic misconduct;

6.  Requires defendants, their agents, representatives, subordinates and successors in office to refer alleged acts of nonacademic misconduct to the appropriate authority for further disciplinary proceedings and dispositions or in the alternative prohibite summary imposition of sanctions;

7.  Prohibites defendants, their agents, representatives, subordinates and successors in office from imposing unilateral law library restrictions on UDC undergraduates;

8.  Expunge all references of the 20 September 04, law school facility alleged incident from all university records, logs, journals, etc., etc;

9.  Requires defendants Pollard and Baker to print plaintiff an apology in UDC publications (including, but not limited to law school facility publications);

(i)  In addition to the above, plaintiff respectfully request:

1.  Appointment of counsel;

2.  A pretrial conference;

3.  A trial by jury on all issues triable by jury;

4.  Attorney and paralegal fees and costs in bringing this action;

5.  Five-hundred thousand (500,000) dollars in compensatory and two-hundred and fifty-thousand (250,000) dollars in punitive damages, jointly and severally from the defendants for every day that the plaintiff was banned from the law school facility;

6.  Such other and further relief as the court may deem just and proper;

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
Plaintiff Pro Se
(202) 561-4503

## CERTIFICATE OF SERVICE

The Undersigned hereby certify that he served a copy of the Plaintiff's

**REQUEST TO SUBSTITUTE PAGES 2,7,10,12
23-24 IN THE RELATION BACK AMENDED COMPLAINT**

**MOTION TO SUBSTITUTE PAGES 3-5 OF PLAINTIFF'S
MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO
DEFENDANTS MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT**

On the defendants attorney of record, Ms. Robin Alexander, Office of the General

Counsel for the University of the District of Columbia, 4200 Connecticut Avenue,

N.W., Washington, D.C., by hand-delivery, this 18th day of November 2005.

UNDERSIGNED,

**RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503
Plaintiff Pro Se**