UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RANDOLPH J. GREENE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 05-1097 RWR |
| | : | |
| **WASHINGTON, D.C.,** | : | |
| | : | |
| **WILLIAM L. POLLARD, President,** | : | |
| University of the District of Columbia, | : | |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

### REPLY MEMORANDUM OF UNIVERSITY DEFENDANTS
### IN SUPPORT OF THEIR MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff's Response to Defendants' Motion to Dismiss or For Summary Judgment merely argues his allegations that he was deprived of some Constitutional right without due process of law. Plaintiff fails to identify the source of any such right. His inclusion of the UDC Code of Student Conduct as Plaintiff's Exhibit G, clearly articulates a number of violations with which he could have been accused in an attempt to discipline him as a UDC student. Plaintiff fails to address the Defendants' contention that as a part-time enrollee in the undergraduate school at UDC (as demonstrated by Plaintiff's Exhibits L and M) he enjoyed no "right" to use of the law school facilities. He enjoyed only the "privilege" of using the law library reading room shared by any member of the public subject to the rights and needs of students of the David A. Clarke School of Law.

Plaintiff's attempt to dispute the undisputable material facts documented by defendants with his own affidavit falls short. His assertions numbered 1 and 2 are correct, but irrelevant. His conclusion asserted in statement numbered 3 is belied by the full documentation by the

campus police Defendants' Exhibit 1, as well as his following statement no. 4 acknowledging the presence of a sign in the law school computer lab declaring that facility for the use of law school students only. Plaintiff focuses only on what he perceives to be the misconduct of the law school student who objected to his usurpation of facilities he was not entitled to use. Ms. Tshiteya's conduct is not at issue. Plaintiff is suing for being deprived of use of the law library on May 10, 2005, when he was not denied use. Plaintiff's Affidavit paragraph 17 makes no sense and is not supported by his Exhibit E, ¶4. His claim to have returned to the law library half an hour after being informed on his way out that he was banned, Amended Complaint ¶¶9 - 12, only to be ejected by a police officer, defies credulity.

Further, Plaintiff offers as his own Exhibit F the memorandum of complaint about the handling of the September 20, 2004 incident in the law school clinical library computer lab by the campus police. That statement documents the legitimacy of her challenge to him and the arrogance and belligerence of his response to her.

Plaintiff admits that the government officials he is suing are entitled to qualified immunity for their official conduct, but provides no justification for individual capacity liability for any of them. He does not ascribe any personal animus or other wrongful motivation to them.

Defendants are entitled to summary judgment in their favor as a matter of law.

                              Respectfully submitted,

                              _____
                              ROBIN C. ALEXANDER [D.C. Bar #184572]
                              University General Counsel
                              University of the District of Columbia
                              4200 Connecticut Avenue, N.W.
                              Washington, DC 20008
                              202.274.5400
                              ralexander@udc.edu

## Certificate of Service

I certify that a copy of the foregoing Reply Memorandum was mailed, first-class postage prepaid, this 21st day of November, 2005, to Randolph J. Greene, P.O. Box 36303, Washington, DC 20020.

                                             _____
                                             Robin C. Alexander