# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,

     Plaintiff                                Civil Action #05-1097(RWR)

     v.

DISTRICT OF COLUMBIA; et al.,

     Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS
## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

AND NOW COMES Randolph J. Greene, plaintiff pro se, and for his response to the defendants motion to dismiss, or for summary judgment, respectfully request this Honorable Court to deny the defendants motion for the following, but not limited reasons:

1. Rule 8(a)(1), of the Federal Rules of Civil Procedure requires that a pleading setting forth a claim for relief contain a short and plain statement of the grounds upon which the court's jurisdiction depends. The plaintiff's "inartfully drawn" *pro se* complaint states in its jurisdictional statement that "the court has jurisdiction of this matter pursuant to and in accordance with *** the Constitution of the United States, including, but not limited to the first, fifth, eighth and fourteenth amendments thereto***,. In the First Cause of Action, the plaintiff alleges first and fourteenth amendment violations ; fifth and fourteenth amendment violations in the Second Cause of Action and eighth and fourteenth amendment violations in the Third Cause of Action. Cases or controversies arising under

RECEIVED

NOV 1 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

constitutional amendments confer subject-matter jurisdiction in federal district courts pursuant to *inter alia* Article III, Section 2, Clause 1 of the Constitution of the United States of America.

2. Not only does the court have subject-matter jurisdiction, this court also has personal jurisdiction over the defendants as well because the defendants herein are accused of violating the plaintiff's rights in the District of Columbia. And venue is proper in this court because the defendants work in the District of Columbia and on information and belief, the defendants reside in the District of Columbia.

3. The District of Columbia is a suable entity in this court either as "a municipality" pursuant to Title 1, D.C. Codes §§102 and 109(a), Title 38, D.C. Codes §1202.01(a), or as "a State" pursuant to Title 28, United States Codes §1343(a)(3), (b) and Title 42, United States Codes §1983.

4. The District of Columbia is considered an indispensable party pursuant to either Title 1, D.C. Codes §109(a) or Rule 19, of the Federal Rules of Civil Procedure because the District of Columbia:

(a) has an interest in the outcome of this case;

(b) if the plaintiff is successful in this case and is awarded damages, the damages will be paid by the District of Columbia;

(c) in the absence of the District of Columbia, the plaintiff could not be accorded complete relief;

(d) the District of Columbia's joinder would not prejudice the other defendants;

5. Government officials acting under color of state law, sued in their official capacities are entitled to immunity by the eleventh amendment to the United States Constitution. But government officials, acting under color of State law, sued in their individual (or personal) capacities are not immune from liability. *Instanter* the defendants are government officials acting under color of state law and are sued in their official capacities. However, the captioned cause and ¶¶ 3-6 discloses that the plaintiff sues the defendants in their individual (or personal) capacities as well. As such, the defendants are not immune from suit.

6. The defendants also argue that the plaintiff has failed to state a claim upon which relief can be granted because the plaintiff had used the law library before he learned that he had been banned, and therefore has nothing to really complain about. The defendants opine that the allegations are short on substance. The plaintiff disagrees. Plaintiff respectfully submit that the allegations set forth in the complaint:

        a) give notice of the nature of plaintiff's claim;

        b) state facts not genuinely disputed;

        c) narrow the issues;

        d) and provide a means for speedy disposition of sham claims and defenses;

The plaintiff concedes that prior to 1978, suits against municipal corporations based on claimed constitutional violations for their employees had to be pled with a great degree of specificity. However, under the modern pleading standard embodied in Rule 8(a)(2), of the Federal Rules of Civil Procedure, the "heightened", "stringent"

pleading standard has been abandoned and a claimant is no longer required to set out in detail any facts upon which the claim is based. The plaintiff came to the law library twice on 10 May 05. The first time, the plaintiff was permitted entrance. The second time, within thirty (30) minutes of the departure referred to in the complaint, the plaintiff was not permitted entrance. Today, the plaintiff is submitting a relation back amended complaint, curing the pleading deficiencies suggested by the defendants.

Attached hereto in support of this response is the plaintiff's Memorandum of Law, Exhibits and affidavit.

WHEREFORE, the premises considered, plaintiff respectfully request that the defendants motion to dismiss or for summary judgment is DENIED.

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503
Plaintiff Pro se

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,
        Plaintiff                                    Civil Action #05-1097(RWR)

        v.

DISTRICT OF COLUMBIA; et al.,
        Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW ON POINTS
## AND AUTHORITIES IN SUPPORTOF RESPONSE TO
## DEFENDANTS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### I. STATEMENT

This is a civil rights action arising under the first, fifth and fourteenth

amendments to the constitution of the United States of America.  This court has

jurisdiction to entertain this case pursuant to Title 28, United States Codes §§1331

and 1343(a)(3),(b), Title 42, United States Codes §1983, and Article III, §2, clause 1,

of the constitution of the United States.  The plaintiff seeks declaratory and

injunctive relief and damages from the defendants who adjudged the plaintiff guilty

of nonacademic misconduct on UDCs campus and sanctioned the plaintiff by

restricting his access to a university facility (while the plaintiff was enrolled, and in

good standing at UDC), without rudimentary due process and minimum procedural

safeguards.  The plaintiff attempted to raise three causes of action in the inartfully

drawn pro se complaint.  The first and third causes of action have been improvised

2

in the accompanying relation back amended complaint filed simultaneously today.

Only the second cause of action is being addressed in this brief.

## II. ARGUMENT

*Arguendo*, plaintiff alleges in ¶¶12,22 and 35-36 of the complaint that he was adjudged guilty of nonacademic misconduct on UDCs campus and subjected to a disciplinary sanction(restriction of access to a university facility), without due process of law. The defendants argue that these allegations lack substance and do not state a claim upon which relief may be granted because the plaintiff had already used the UDC law library before he learned that he had been banned. In considering a Rule 56, motion for summary judgment, the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 255, 106 S.Ct. 2505 at 2513, 91 L.Ed.2d 202 (1986). Nevertheless, the plaintiff concedes that he has to go beyond his pleadings to establish that there are genuine issues of fact in dispute to survive. We can do that.

## I.

How this case developed, involves in the plaintiff's demean opinion, a citizen's right to be left alone, not spoken to and certainly not interrogated, when the person's mere presence alone is not probable cause for another citizen to initiate un-wanted dialogue. *Arguendo,* plaintiff will be Person A and his interrogator will be Person B.

At all times referred to herein, Person A was an undergraduate at an area post-secondary educational institution. Plaintiff's Exhibit "M". This post-secondary educational institution has, *inter alia,* a law school facility. Plaintiff's Exhibit "E". The law school facility has both a law library and a law school computer lab. Plaintiff's Exhibit "E", at 2, ¶¶3-4. Both the law library and the law school computer lab are located in Building 39 on the main campus of this post-secondary educational institution referred to above. However, the law library is located on the B-level and the computer lab is located three floors up in Building 39. Plaintiff's Exhibit "E" at 2, ¶3. The law library is open to the general public while the computer lab is restricted to law school students only. The law school administrators are laid-back (i.e., tolerant) and from time to time, bend their rules for good cause shown. Plaintiff's Exhibit "E", at 2, ¶7. Person A needed computer access on 20 September 2004 and (although the computer lab is an open and un-secure area that anybody can walk in) requested permission from a law library employee to use the computer lab to prepare legal pleadings for filing in a federal appellate court. Plaintiff's Exhibit "C" at 2, ¶7. Law Library employee and first responder are interchangeable terms. Plaintiff's Exhibit "C", at 2, ¶¶5-6. After Person A arrives in the computer lab, he spots an un-occupied computer terminal at the far end of the computer lab and heads for it. However, after Person A arrives the un-occupied computer terminal, Person B who has a lap top in her immediate possession, takes exception to Person As presence in the computer lab and usage of a school computer terminal. Plaintiff's Exhibit "F" at 3, ¶¶2-3. Person B does not recognize Person A as a law school student. As such, in Person Bs mind, Person A is

out-of-bounds. However, at all times referred to herein, Person B is not a first responder. Plaintiff's Exhibit "C" at 2, ¶¶5-8. Now let us stop right here for a minute or two. Under the circumstances, given the fact that Person B does not know Person A from a can of paint, and Person B is concerned that Person A is violating posted computer lab restrictions, that Person B would notify a first responder? If not, why not. ("...I am a female calling, saying that there's an unknown man being belligerent with me on school property where it is become clear he is not authorized to be...". Plaintiff's Exhibit "F", at 3,¶4). However, rather than notify a first responder of Person's B perception that posted rules are being violated, Person B initiates dialogue with Person A. Plaintiff's Exhibit "C", at 2,¶¶4-10 and "F" at 3,¶3. The dialogue referred to above are inquiries as to Person As identity. In fact, Person B asks a third-party to try and find out Person As identity. Plaintiff's Exhibit "F", at 4, ¶2. *Arguendo*, Person Bs perception that Person A is in an un-authorized area is synonymous to being out-of-bounds or loitering. In <u>Kolander v. Lawson,</u> 416 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), suit was brought, challenging a statute requiring persons who loiter or wander on the public streets, to provide a "credible and reliable identification" and to "account for the presence", when requested to do so by a peace officer under circumstances that would justify a  stop under the standards of <u>Terry v. Ohio</u> (citations omitted) <u>id.</u> At 353. The case was tried to a federal district judge, who agreed that the ordinance was overbroad because "a person who is stopped on less than probable cause cannot be punished for failing to identify himself". <u>Id.</u> At 354.

On certiorari, the High Tribunal held that under the circumstances that private citizen did not have to identify himself. Id. At 361-62.

If a cop, in a uniform does not have a right to require a peaceful citizen to identify himself, what makes Person B think that she can require Person A to identify himself. Person B would have demonstrated a modicum of reasonableness by simply calling a first responder rather than the campus police office. In the alternative, Person B would have demonstrated a modicum of reasonableness by accepting another student's offer of the use of his lap top since that was what she claimed that she needed. Plaintiff's Exhibit "H".

As a result of plaintiff's alleged dialogue with Ms. Tshiteya on 20 September 2004, plaintiff's dialogue was characterized as "appalling" and "abusively rude". Such alleged dialogue included the word "bitch" which is found in the dictionary, but not proscribed in any rule or regulation promulgated by the defendants as impermissible speech and the word "whore" found in the King James version of the Holy Bible but also omitted in the defendants rules and regulations as impermissible speech. Plaintiff's Exhibit "G". Subsequent to defendants characterization of plaintiff's speech as "appalling" and "abusively rude", the defendants disciplined the plaintiff with a permanent restriction of access to the law library facility. Plaintiff's Exhibit "E" at 2, ¶¶3-4. "Appalling" and "abusively rude" are catch-all phrases similar in their intent and purpose as the catch-all phrase "misconduct" in Soglin v. Kauffman, 295 F.Supp. 978 (Wisc.1968). Catch-all phrases which are not promulgated in a post-secondary educational institutional rules and regulations may not be used to discipline students enrolled in that university. Soglin v. Kauffman,

supra, aff'd. on appeal, 418 F.2d 163 (CA7 1969).  This is a claim upon which relief may be granted.

## II.

On Tuesday 10, May 2005, plaintiff entered UDCs law library twice. Plaintiff's Exhibit "C" at 4,¶17.  The first time, the plaintiff was granted access. The second time, a D.C. Government Police Officer denied plaintiff entry. Plaintiff's Exhibit "C", at 4,¶17.  The defendants did not provide the plaintiff with any rudimentary due process and minimum procedural safeguards prior to imposing a life-time ban on access to the UDC law library.  Plaintiff's Exhibit "C", at 4,¶19.  This too is an issue upon which relief can be granted.  Dixon v. Alabama State Board of Education, 294 F.2d 150 (CA5 1961); Carey v. Maine Sch. Admin. Dist. No17.,754 F.Supp. 906 at 918 (Me.1990); Smith v. Rector & Visitors of Uni of Virginia, 78 F.Supp.2d 533 at 537 (VA1999); and Tigrett v. Rector & Visitors University of VA., 97 F.Supp.2d 752 (VA.2000).  In Dixon, supra, students enrolled at a tax supported post-secondary educational institution alleged that they were disciplined for nonacademic misconduct without due process of law.  Id. At 151, fn.1.  The university officials argued that the federal district court lacked jurisdiction and "...that the defendants determined in good faith and within their authority as the governing authorities of Alabama State College that the expulsions of the plaintiffs were for the best interests of the college and based upon undisputed conduct of plaintiffs while students at said college".  Id. At 151, fn.1.  That district court upheld the disciplinary sanctions imposed upon the students and denied their requests for injunctive relief.  Id.  On appeal, the question presented by the

pleadings and evidence and decisive of the appeal was whether due process required

notice and some opportunity for a hearing before students at a tax-supported post-

secondary educational institution were expelled for misconduct. The court of

appeals answered that question in the affirmative, and went on to say that

> "...In the disciplining of college students there are no
> considerations of immediate danger to the public, or of peril
> to the national security, which should prevent the Board from
> exercising at least the fundamental principles of fairness by
> giving the  accused students notice of the charges and an
> opportunity to be heard in their own defense.  Indeed, the
> examples set by the Board in failing so to do, if not corrected
> by the courts, can well break the spirits of the expelled students
> and of others familiar with the injustice, and do inestimable
> harm to their education...".  Id.at 157.

 

     WHEREFORE the premises considered, the defendants motion to dismiss or

for summary judgment must be DENIED.

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
Plaintiff Pro Se
(202) 561-4503

## CERTIFICATE OF SERVICE

The undersigned hereby certify that he served a copy of the

### PLAINTIFF'S RESPONSE TO DEFENDANTS
### MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### MEMORANDUM OF LAW ON POINTS AND
### AUTHORITIES IN SUPPORT OF RESPONSE TO THE
### DEFENDANTS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### PLAINTIFF'S  EXHIBITS "C" THROUGH "M"

### PLAINTIFF'S MOTION TO
### FILE RELATION BACK AMENDMENT

### RELATION-BACK AMENDED COMPLAINT

by hand delivery, to Ms. Robin Alexander, Office of the General Counsel, 4200

Connecticut Avenue, N.W., Washington, D.C., this 14th day of November 2005.

### UNDERSIGNED,

### RANDOLPH J. GREENE
### P.O. Box 36303
### Washington, D.C. 20020
### (202)561-4503
### Plaintiff Pro Se

Brian Baker, and
William Thomas,                                    :
                                                   :
        Defendants.                                :

## DEFENDANTS BAKER AND THOMAS' MOTION TO SET ASIDE
## CLERK'S ENTRY OF DEFAULT

Now come Defendants Brian Baker and William Thomas, employees of

the University of the District of Columbia, through counsel, and respectfully move

this honorable Court, pursuant to F.R. Civ. P. 55(c)and for good cause pursuant

to F.R. Civ. P. 12(b)(6), to set aside the default entered herein by the Clerk on

September 12, 2005. Pursuant to F.R. Civ. P. 12(b)(1) and (6), the Complaint fails

to state a claim for which relief can be granted. The grounds for this motion are

more fully articulated in the accompanying memorandum of points and

authorities.

Pursuant to L. Civ. R. 7(g), this motion is accompanied by a verified answer

presenting a defense sufficient to bar the claim in whole. A motion for summary

## MOTION OF DEFENDANTS POLLARD, SOLOMON, BAKER AND THOMAS
## <u>TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT</u>

Come Defendants, Pollard, Solomon, Baker, and Thomas (collectively, "the

University Defendants")both in their official and individual capacities, and move this

Honorable Court, pursuant to F.R. Civ. P. 12(b)(1) and (6) to dismiss the Complaint herein

for want of subject matter jurisdiction and for failure to state a claim for which this Court

can grant relief. In the alternative, pursuant to F.R. Civ. P. 56, the University Defendants

move this Court for summary judgment in their favor because the individual defendants, all

public employees, are entitled to qualified immunity in their official capacities and no

basis is asserted for personal liability. The grounds supporting these requests are fully

articulated in the accompanying Memorandum of Points and Authorities and Statement of

Material Facts Not Genuinely Subject to Dispute.

Respectfully submitted,


ROBIN C. ALEXANDER [D.C. Bar # 184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202.274.5400
ralexander@udc.edu

2

## MOTION OF DEFENDANTS POLLARD, SOLOMON, BAKER AND THOMAS
## TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

Come Defendants, Pollard, Solomon, Baker, and Thomas (collectively, "the University Defendants")both in their official and individual capacities, and move this Honorable Court, pursuant to F.R. Civ. P. 12(b)(1) and (6) to dismiss the Complaint herein for want of subject matter jurisdiction and for failure to state a claim for which this Court can grant relief. In the alternative, pursuant to F.R. Civ. P. 56, the University Defendants move this Court for summary judgment in their favor because the individual defendants, all public employees, are entitled to qualified immunity in their official capacities and no basis is asserted for personal liability. The grounds supporting these requests are fully articulated in the accompanying Memorandum of Points and Authorities and Statement of Material Facts Not Genuinely Subject to Dispute.

Respectfully submitted,

ROBIN C. ALEXANDER [D.C. Bar # 184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202.274.5400
ralexander@udc.edu

2