## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RANDOLPH J. GREENE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No. 05-1097 RWR** |
| | : | |
| **WASHINGTON, D.C., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## UNIVERSITY DEFENDANTS' MOTION TO DISMISS,
## OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
## AS TO PLAINTIFF'S AMENDED COMPLAINT OF NOVEMBER 28, 2005

Come now the University Defendants:  the Board of Trustees of the University of the

District of Columbia (hereafter, "UDC"); Dr. William L. Pollard, President, UDC; Dr. Clemmie

Solomon, Vice President, Student Affairs, UDC; Mr. Brian Baker, Director, Charles and Hilda

Mason Law Library (hereafter, "law library"), UDC; and Mr. William Thomas, Library

Technician, law library; and move this honorable Court, pursuant to F.R. Civ. P. 12(b)(6), to

dismiss the third Amended Complaint dated November 28, 2005, (tendered with "Plaintiff's

Request to Substitute Tendered Relation Back Amended Complaint) herein for its failure to

state a claim against these defendants for which relief can be granted.  Alternatively, the

University Defendants move, pursuant to F.R. Civ. P. 56 for summary judgment in their favor

because the court lacks subject matter jurisdiction.  The grounds supporting these requests are

fully articulated in the accompanying Memorandum of Points and Authorities and Statement

of Material Facts Not Genuinely Subject to Dispute.

Respectfully submitted,

_____
ROBIN C. ALEXANDER [D.C. Bar # 184572]
General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202.274.5400
ralexander@udc.edu

**Certificate of Service**

I certify that a copy of the foregoing Motion to Dismiss, or, Alternatively, for Summary Judgment, accompanied by supporting Memorandum of Points and Authorities and Statement of Facts Not Genuinely Subject to Dispute was mailed, this 22nd day of December, 2005, to Randolph J. Greene, Plaintiff *pro se,* at P.O. Box 36303, Washington, DC 20020 and to Robert J. Spagnoletti, Attorney General, D.C., 441 Fourth Street, N.W., Washington, DC 20001.

_____
Robin C. Alexander

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,                    :
                                       :
              Plaintiff,               :
                                       :
       v.                              :        Civil Action No. 05-1097 RWR
                                       :
WASHINGTON, D.C., et al.,              :
                                       :
              Defendants.              :

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
UNIVERSITY DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S AMENDED COMPLAINT OF NOVEMBER 28, 2005

Background

On or about May 20, 2005, Plaintiff filed the instant action alleging that University

Defendants Baker and Thomas wrongfully denied him access to the Charles and Hilda Mason

Law Library ("law library") at the University of the District of Columbia ("UDC" or "the

University") without providing him due process.  After vacation of a default against defendants

Baker and Thomas all University defendants filed a motion to dismiss or for summary

judgment pointing out the failure of the Complaint to state a claim for which relief can be

granted because defendant had not actually been denied use of the law library, but had

learned that he had been unofficially barred after successfully using it.  The University

Defendants' motion also maintained that no basis for individual capacity liability by any

defendant had been alleged, that the University defendants are entitled to qualified immunity

in their official capacities and that the University itself is *non sui juris*.  Plaintiff has since filed

and served two "relation back" amendments supposedly to correct typographical errors and

add other parties that Plaintiff deems essential to his lawsuit.  Plaintiff appears to concede the

status of UDC as nonsuable, since he has now named the Board of Trustees of the University as a defendant. We will not reargue *non sui juris*.

University Defendants are first constrained to observe that the Amended Complaints do not just correct typographical errors and add parties, notably the Board of Trustees of the University, and Mireille B. Tshiteya, the female law student who confronted him when he attempted to use the law schools' law clinic computer lab on September 20, 2004. Plaintiff's complaint has grown from seven pages of text to twenty-four pages of text which do not improve or enhance his causes of action. Rather, Plaintiff embellishes his tale with allegations inherently incredible by their very variance with both his first Complaint and his exhibits. Plaintiff inserts considerable speculation about the roles and conduct of the University Defendants.

Plaintiff also asserts a new panoply of causes of action. The first is titled, "Exercise of Police Powers," and relies solely on the alleged conduct of a law school student, not an official actor. The second is titled, "Exercise of Free Speech," and alleges that the University defendants "chill" Plaintiff's freedom of expression by characterizing his behavior on September 20, 2004 as "appalling" and "abusively rude." The third cause of action is titled, "Liberty Interest," and asserts that the banning of Plaintiff from the law library by University Defendants without notice and a hearing was "arbitrary, capricious, whimsical, unlawful, unconstitutional or vague, ambiguous and overbroad," and denied Plaintiff due process. Plaintiff also alleges that Defendants District of Columbia, Board of Trustees, and Pollard failed to train and supervise Defendants Solomon, Baker, and Thomas. The fourth cause of action is labeled "The Code of Student Conduct," and alleges that Defendants failed to provide

Plaintiff with a copy of written charges of nonacademic misconduct and give him a hearing on such charges.  The fifth cause of action is titled, "Time, Place and Manner Restrictions," and asserts that Defendants' decision to provide late night access to computer terminals for law school students only and simultaneously prohibit other students access to government-owned computer terminals constituted "an invidious prior restraint on Plaintiff."

**Argument**

**I.      THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

For the purposes of a motion to dismiss for failure to state a claim for which relief can be granted, the well-pleaded, material allegations of the complaint must be deemed true and the complaint must be read in the light most favorable to the plaintiff.  Shear v. National Rifle Assn., 196 App. D.C. 344, 606 F.2d 1251 (D.C. Cir. 1979).  *See also,* Donald v. Orfila, 618 F. Supp. 645 (D.D.C. 1985) (". . . it is only well-pleaded material facts which are to be taken as admitted. . ..")  For all his editorializing, Plaintiff's causes of action are still not well-pleaded.   Indeed, the Amended Complaints are progressively, increasingly speculative, imaginative, contrary to the referenced documentation, and argumentative.

Reading the Third Amended Complaint in the light most favorable to Plaintiff, it does not cure the shortcomings of the first Amended Complaint.  In his effort to be more specific about how each Defendant allegedly violated his rights, Plaintiff has presumed, imagined, speculated, and fabricated about the conduct of the University defendants.

Still, Plaintiff complains that he was denied use of the law library of the University of the District of Columbia without due process of law, a Fifth Amendment claim.  However, Plaintiff still has not alleged a credible injury.  Without an injury there is no cause of action,

3

no subject matter jurisdiction.  True, Plaintiff now alleges that after being told on the way out of the law library on May 10, 2005, that he was not welcome there, that he went back and was denied admission by a police officer.  Third Amended Complaint ¶¶ 77 - 81.   But, Plaintiff still has not alleged a valid entitlement to use the law library.  The memorandum from the Western District of Missouri on Judicial Statndards of Procedure and Substance in Review of Student Discipline in Tax Supported Institutions of Higher Education attached to Plaintiff's Memorandum in Opposition to the University Defendants' pending motion does not offer Plaintiff the comfort he seems to think.  For instance, it requires the full panoply of due process, adequate notice in writing of grounds for discipline, opportunity for a hearing, and substantial evidence supporting the disciplinary action, in "severe cases of student discipline for alleged misconduct, such as final expulsion, indefinite or long-term suspension, dismissal with deferred leave to reapply. . .."  45 F.R.D. 133, 147.  And of course, Plaintiff just overlooked the paragraph on page 146 that allowed for different standards, scholastic and behavioral, established for "different divisions, schools, colleges, and classes of an institution, so long as the differences are reasonably relevant to the missions, processes, and functions of the particular division, schools, colleges, and classes concerned."  The law school library is maintained for the law school's students.  Everyone else is a member of the public.  The public is allowed to use the general reading room, so long as they observe the normal rules of courtesy and do not interfere with the use of the facility by any law student.  Baker Affidavit to University Defendants' first motion for summary judgment.  There is more than substantial evidence in the documentation offered by the University defendants with their first motion that

4

Plaintiff abused the privilege of using the UDC law library when he attempted on September 19, 2004, to use the computer lab clearly labeled to be exclusively for the use of law students.

Neither Plaintiff's opposition memorandum nor his further Amended Complaints address the fact and the law that he was just a member of the public in use of the UDC Charles and Hilda Mason Law Library. Plaintiff refuses to recognize the distinction between student discipline and revocation of library privileges to a member of the public. The University did not seek to discipline Plaintiff as a student for his abuse of library privileges on September 19, 2004. They merely revoked his privilege, as a member of the public, to use the law library, something he had been granted as a member of the public. Indeed, according to Plaintiff's first Amended Complaint, his use of the law library was as a member of the public. He had completed his Associate's Degree in Paralegal Studies and, in the Spring of 2005 was enrolled in the School of Business Administration. In his November 13, 2005 "Memorandum of Law on Points and Authorities in Support of Response to Defendants Motion to Dismiss or For Summary Judgment," Plaintiff claimed that he was attempting to use the computer lab "to prepare legal pleadings for filing in a federal appellate court." Memorandum, page 3. That could not have been a studies-related exercise for an undergraduate student. It seems that Plaintiff was practicing law. At the very least, his activity was as a member of the public, not a student of the University.

In any event, the University has never afforded access to its computer labs to persons not authorized to use them. The University Defendants have previously been upheld by the U.S. District Court for the District of Columbia in denying use of its computer facilities to members of the public who had not paid the requisite fees for the right to use of computer

labs. In The Atraqchis previously were banned from other campus computer labs and from the law library. Baker Affidavit.

Plaintiff's enrollment as an undergraduate student at the University entitles him to use any of the computer labs available about the UDC campus for undergraduate students. His argument at ¶ 114 of his third Amended Complaint that nonlaw students are denied late night access to computer terminals is a blatant misrepresentation. There are computer labs located in Building 52, the business school where Plaintiff is now enrolled for the use of departmental majors. Its hours vary, depending on the presence of the technician, and it is not usually open late at night, but there the Dean of the Business School is not aware of any student complaints of insufficient availability. The Learning Resources Division (campus library) maintains the Center for Academic Technology Support (CATS) and provides access to the University's learning portal Blackboard. CATS services and support personnel are mainly located on Level 1 of Building 41(the main library). The Learning Resources Division ("LRD") is normally open Mondays - Thursdays 8:00a.m. until 10:00 p.m., Fridays from 8:00a.m. until 6:00 p.m. and Saturdays from 10:00 a.m. until 6:00 p.m. On Level A there were 6 On-line Public Access Computer ("OPAC") stations and one printing station. On Level 1 there were 3 OPAC stations and one printing station, and one visually impaired laboratory with 2 computers with adaptive technology software. On Level 5 there are 12 computer OPAC stations with one printing station. Laptop computers are on loan for use on site. The rear area of Level 5 is equipped with wireless access. Detailed information on services and usage policies is available on the University's LRD website at www.lrdudc.org. Plaintiff has not cited any instance of being denied needed access for his studies.

Again, no provision of the Postsecondary Education Reorganization Act creating the University of the District of Columbia confers rights of access to University facilities to the general public, or access to graduate and postgraduate program facilities to undergraduate students (who pay a much lower rate of tuition).   Being a public institution means that UDC is publicly funded, not that members of the public are allowed to use its facilities at their whim.   Access to and use of the University facilities is not a right to be enjoyed by any member of the public.   Access to and use of law library by the public is always subordinate to the needs of the law school students.   For the several days between the end of classes and the conclusion of exams, access to even the general reading room of the law library is restricted to law students.   Access to and use of University facilities is not a right to be enjoyed by any member of the public at their discretion.   Rather, it is a privilege enjoyed only by those who have been accepted for admission and have paid all the requisite fees.   See 8 DCMR, Ch. 7.

Generally, the public is allowed to use the UDC law library (except during exam weeks when it is reserved solely for the law school students), provided the public's use does not interfere with the work or needs of the law school students for whom the law library was created and is maintained.   Being a student of the undergraduate division of the University does not put one on a par with law school students for use of the law library.   Admission requirements are very different and tuition and fees for the law school are considerably higher than undergraduate tuition and fees at UDC.

Further, Plaintiff still has not alleged any "official municipal policy" adopted by the District of Columbia, Id. At 691, that has been violated by the University Defendants; nor has

he alleged the existence of an official municipal or University policy designed to deprive Plaintiff of any of his rights. Even Plaintiff's allegation that he was given permission to use the computer lab by a library technician fails to state a claim under <u>Monell v. Department of Social Services of City of New York</u>, 435 U.S. 658 (1978). Under <u>Monell</u>, a municipality "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690-91. Plaintiff has not alleged that anyone beside himself was allowed to use the law school computer clinic. A library technician clearly does not have "final policymaking authority under state law." <u>Jett v. Dallas Indep. Scho. Dist.</u>, 491 U.S. 701, 737 (1989). Additionally, a municipality cannot be held liable under a *respondeat superior* theory. Monell, 436 U.S. at 691. Consequently, Plaintiff has not stated claim even under the generous reading of his pleadings.

## II.     NO INDIVIDUAL CAPACITY ACTION BY ANY UNIVERSITY DEFENDANT IS ALLEGED.

The third Amended Complaint does not allege a single instance of allegedly wrongful action by any University Defendant in his individual capacity or for a personal motive. Each action alleged to have been taken was alleged to have been and, indeed, would have to have been taken, in the actor's official capacity. No personal animus or motivation of any kind is asserted as the basis for any allegedly wrongful conduct. No basis for individual liability is asserted against any defendant. The Amended Complaint should be dismissed as to each University employee in his individual capacity.

## III.   UNIVERSITY DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the non-moving party. McKinney v. Dole, 765 F.2d 1129, 1135 (D.C. Cir 1985). Once the moving party makes its initial showing, however, the nonmoving party must demonstrate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; McKinney, 765 F.2d at 1135.

Attached as Defendants' Exhibit 1 to the University Defendants' first motion for summary judgment, is the documentation accumulated by the Campus Police about the September 20, 2004 incident that makes clear Plaintiff's conduct constituting more than sufficient cause for him to be banned from the law library. Plaintiff entered a computer lab clearly labeled for the exclusive use of Law School students several floors above the general reading area open to the public. To put it mildly, he was rude to a law school student who challenged his right to be there. He subsequently bragged to Campus Police about the disrespectful and foul language with which he had addressed her. Even in this, his third Amended Complaint, he confirms his rude and disrespectful response to her inquiries about his right to be there. See ¶ 33.

## IV.    THE UNIVERSITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

The individual defendants are shielded from liability for discretionary conduct by the doctrine of qualified immunity.  Pursuant to the doctrine, government officials who perform discretionary acts are immune from liability for allegedly unconstitutional conduct so that "they not be unduly inhibited in or diverted from the exercise of their duties by fears of personal monetary liability and harassing litigation." Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991).  Application of that doctrine ensures that government officials are not burdened by disruptive litigation against them, and that insubstantial claims are resolved upon motion for summary judgment.  Id. (Citing Anderson v. Creighton, 483 U.S. 635, 646 (1987); Malley v. Briggs, 475 U.S. 335, 341 (1986); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, "officials are liable for committing constitutional torts. . . only if they knew or were unreasonable in not knowing, that their behavior violated the Constitution." Harris, 932 F.2d at 13, Harlow, at 818.

Five years ago, the honorable Gladys Kessler of this court upheld the University's removal and barring from its computer labs of persons claiming a right of public access. Neither the trial court's memorandum opinion nor the summary affirmance by the D.C. Circuit was published, however.  Nonetheless, University officials, including the Director of the UDC law library, were aware of the rulings and have every reason to believe that they have the authority and the right to exclude from University facilities any person who abuses those facilities or the students and faculty for whom those facilities are maintained.

The third Amended Complaint herein does not allege any facts which would demonstrate that any of the individual defendants knowingly or intentionally violated any of Plaintiff's constitutional rights.

## Conclusion

Because it fails to state, in well-pleaded allegations, a claim for which relief can be granted, because the individual defendants have qualified immunity and because there is no basis asserted for personal liability of any defendant, the third Amended Complaint herein should be dismissed with prejudice. In the alternative, the material facts herein which cannot be genuinely disputed entitled defendants to judgement as a matter of law.

Respectfully submitted,

_____
ROBIN C. ALEXANDER, D.C. Bar 184572
University General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC 20008
202.274.5400
ralexander@udc.edu

11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RANDOLPH J. GREENE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 05-1097 RWR** |
| | : | |
| **WASHINGTON, D.C., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

O R D E R

Having considered the motion of the University defendants for dismissal, or in the alternative, for summary judgment in their favor, of the third Amended Complaint herein, the opposition thereto and the Record herein, it is _____ day of _____, 200___,

ORDERED:    That the Amended Complaint fails, in well-pleaded allegations, to state a claim for which relief can be granted and hereby is dismissed; and

FURTHER, the attempted allegations against the individual defendants fail to assert any basis for individual liability and are dismissed; and

FURTHER, the University defendants enjoy qualified immunity for their official discretionary acts, there is no allegation that any deliberately set out to harm Plaintiff; certainly not as a scholar, the only capacity in which they have any duty to him.  Consequently the claims against the individual University defendants in their official capacities are dismissed; and

FURTHER, the Plaintiff has failed to identify any policy, statute, common law, or Constitutional right under which he was denied equal protection as a result of the defendants' actions.  SUMMARY JUDGMENT is therefore entered in favor of defendants.


_____
The Honorable Richard W. Roberts
United States Judge

cc:     Robin C. Alexander
        University General Counsel
        University of the District of Columbia
        4200 Connecticut Avenue, N.W.
        Washington, DC 20008


        Randolph J. Greene, *pro se*
        P.O. Box 36303
        Washington, DC 20020

        Robert J. Spagnoletti
        Attorney General of the District of Columbia
        441 Fourth Street, N.W.
        Washington, DC 20001