UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


RANDOLPH J. GREENE,

           Plaintiff                             Civil Action #05-1097(RWR)

     v.

DISTRICT OF COLUMBIA; et al.,

           Defendants.


## PLAINTIFF'S EXHIBITS O-S

"O"  (Report Card)

"P"  (Statement by Professor Helen Frazier)

"Q"  (FAQs at the Circulation Desk)

"R"  (Affidavit by Mr. Carl L. White)

"S"  (Affidavit by Randolph J. Greene)

**PLAINTIFF'S EXHIBIT "O"**

**(Report Card)**



REPORT
OF
GRADES

| TERM | **FALL 2005** | REPORTING PERIOD | **12/19/05** | | PAGE **1** OF **1** | **✱✱FINAL GRADES✱✱** |
|------|-----------|------------------|----------|--|----------------------|------------------------|

| STUDENT NAME | SOCIAL SECURITY NO. | COLLEGE | CLASS | MAJOR | DEGREE |
|--------------|---------------------|---------|-------|-------|--------|
| GREENE, RANDOLPH | 101-35-073 | BPA | SR | BSMG | BBA |

| COURSE NUMBER | COURSE TITLE | ATTEMPTED HOURS | EARNED HOURS | QUALITY HOURS | GRADE | QUALITY POINTS |
|---------------|--------------|-----------------|--------------|---------------|-------|----------------|
| 2213-406-01 | DECISION THEORY | 3.00 | 3.00 | 3.00 | B | 9.00 |
| 2215-304-02 | MODERN PUBLIC MANAGEMENT | 3.00 | 3.00 | 3.00 | A | 12.00 |

| ACADEMIC DATA | | EHRS | QHRS | QPTS | GPA |
|---------------|--|------|------|------|-----|
| CURRENT STATUS | | 6.00 | 6.00 | 21.00 | 3.500 |
| CUMULATIVE STATUS | thru 06S | 152.00 | 156.00 | 451.00 | 2.891 |

**GOOD STANDING**

ACADEMIC STATUS

LEGEND
AHRS — Attempted Hours
EHRS — Earned Hours
QHRS — Quality Hours
QPTS — Quality Points
GPA — Grade Point Average
BPA — CRDS
CRTS

**UNIVERSITY OF THE DISTRICT OF COLUMBIA**
**Office of the Registrar**
4200 Connecticut Avenue, NW • Washington, DC 20008
**GRADING SYSTEM**

| UNDERGRADUATE | | | GRADUATE | | | SYMBOL | MEANING |
|---------------|--|--|----------|--|--|--------|---------|
| LETTER GRADE | LEVEL OF ACHIEVEMENT | POINT VALUE | LETTER GRADE | LEVEL OF ACHIEVEMENT | POINT VALUE | AU | AUDIT |
| A | EXCELLENT | 4 | | | | CR | CREDIT |
| B | GOOD | 3 | A | EXCELLENT | 4 | I | INCOMPLETE |
| C | SATISFACTORY | 2 | B | GOOD | 3 | NC | NO CREDIT |
| D | UNSATISFACTORY/PASSING | 1 | C | SATISFACTORY | 2 | W | WITHDRAWAL |
| F | UNSATISFACTORY/NOT PASSING | 0 | F | UNSATISFACTORY/NOT PASSING | 0 | X | IN PROGRESS |

**RANDOLPH GREENE**
**PO BOX 36303**
**WASHINGTON DC 20020**

THIS FORM CONTAINS ALL GRADES SUBMITTED TO THE OFFICE OF THE REGISTRAR PRIOR TO THE PREPARATION OF THIS REPORT. MISSING GRADES WILL BE POSTED TO YOUR RECORD WHEN RECEIVED. CONSULT ____ INSTRUCTOR CONCERNING MISSING GRADES. PLEASE DO NOT CALL THE OFFICE OF T ____ REGISTR ____ COMPUTATION OF ACADEMIC STATISTICS IS BASED ON THE SE ____ . PLEASE BRING THIS REPORT WHEN CONSULTING YOUR ADVISOR.

**PLAINTIFF'S EXHIBIT "P"**

**(Statement by Professor Helen Frazier)**



**University of the District of Columbia**
**Department of Public Safety and Emergency Management Services**
Office of the Vice President
Building 39, Suite 301K
4200 Connecticut Avenue, N.W.
Washington, D.C. 20008
Office (202) 274-5148   Fax (202) 274-5344

# FILE COPY

## Report Supplemental

Reference UDC case # 04-0171 (Informative) filed on 09-20-04

Prepared by: Stephen M. Young, Lieutenant

Date Prepared: 10-19-04

Interview Location: Law Library B-level – Professor Brian Baker, Director
Helen Frazer, Head of Public Services
William Thomas, Employee
Bldg. Room C-04 – Randolph Greene, Student
Robert Patterson, Student
Sergeant Larry Johnson
Officer James Patterson
Officer Virgil Royal
Room 301K – Mireille Tshiteya

On September 30, 2004, I interviewed Ms. Helen Frazer, Head of Public
Services, from approximately 1500 hours until approximately 1527 hours, relative
to the incident. During the interview of Ms. Frazer, the following statements were
made, questions were asked and responses were received:

When asked how you became aware of the situation, Ms. Frazer responded "I
read the complaint in the e-mail. I saw her before the incident and she kept
talking about the pain she had with her teeth and not being able to sleep.

When asked what bearing or impact did this incident have which resulted in pain,
she responded "None. She wasn't assaulted. She classified the verbal abuse as
an assault."

"I also saw Mr. Greene that afternoon before the incident around 5:00 pm he was
in the Law Library about the circulation desk and he is a UDC student.

- 4 -

undergraduate and has completed a paralegal certificate. He does pro bono paralegal work for prisoners. He was here preparing a motion for a prisoner that had to be filed in court by midnight. He was anxious. He was trying to meet that midnight deadline when he met Ms. Tshiteya upstairs. Mr. Green came to my office the next day and told me what happened."

"He told me from his perspective that she antagonized him and that she wanted to use the computer that he was using instead of the computer that Mr. Patterson had offered her and didn't want him in there."

When asked whether Ms. Frazer had any additional information that she felt would be relevant to this case, she responded "No, I don't know anything else".

Ms. Frazer also stated that Mr. Greene has been using the Law Library for about 5 years and no one has ever told him that he couldn't.

PLAINTIFF'S EXHIBIT "Q"

(FAQs at the Circulation Desk)

David A. Clark School of Law Library

# FAQs at the Circulation Desk

**1.    Will you find some cases (statutes, regs, rules, etc.) for me?**

**Answer:**    I am sorry but we can only show you where the books are and how to use them.  Doing the research for you might be viewed as practicing law and we are not attorneys.

**2.    How do I get on Westlaw or Lexis?**

**Answer:**    These services are available on the web at westlaw.com and lexis.com.  If you do not have your own password, you may use a credit card to pay for the service.  Law students have passwords because the law school pays for them.

**3.    Who may use Westlaw paper?**

**Answer:**    Only law students.  Paper is provided to them as part of the law school's contract with Westlaw.

**4.    Where do I get paper for the printer?**

**Answer:**    From the circulation desk attendant.

**5.    How do I find court rules?**

**Answer:**    The best place is on the web.  Most courts have their own websites with local rules, forms, filing information, and other pertinent information.  Some of the handouts on the stand by the door have the website URLs.

**6.    Who may use the computers?**

**Answer:**    Everyone may use the computers, but law students have priority and may ask you to move when all the computers are in use?

**7.    Will you watch my things for me at the circulation desk?**

**Answer:**    We're not allowed to do that.

PLAINTIFF'S EXHIBIT "R"

(Affidavit By Mr. Carl L. White)

PLAINTIFF'S EXHIBIT "R"

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,

        Plaintiff                          Civil Action #05-1097(RWR)

    v.

DISTRICT OF COLUMBIA; <u>et al.</u>,

        Defendants.

<u>AFFIDAVIT</u>

WASHINGTON
District of Columbia

    I, CARL L. WHITE, being first duly affirmed, according to law, depose and

say:

    1. I am an irregular visitor in the Charles and Hilda Mason Law Library in

the David A. Clark School of Law at the University of the District of Columbia

(hereinafter referred to as "UDC").

    2. I was there Tuesday 10, May 2005.

    3. Between 9 and 9:30 p.m., on 10 May 2005, I had concluded my visit and

was exiting the law library.

    4. While I was exiting, I observed several people near the Circulation Desk

talking above the normal tone of voices people use in a law library.

    5. One of those persons was Randolph J. Greene. The other person was in a

uniform and presumably a UDC campus police officer. I presumed that the

2

uniformed person was a UDC campus police officer because the uniform did not look like a D.C. Metropolitan Police Officer's uniform and because I heard the uniformed person tell Randolph Greene that he could not enter the law library.

Pursuant to Title 28, United States Codes §1746, I declare under penalty of perjury that the foregone is true and correct. Executed this 30th day of January 2006.

AFFIANT

*Carl L. White*

CARL L. WHITE
3432 "N" Street, S.E.
Washington, D.C. 20019

**PLAINTIFF'S EXHIBIT "S"**

**(Affidavit by Randolph J. Greene)**

## PLAINTIFF'S EXHIBIT "S"

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,

          **Plaintiff**                        Civil Action #05-1097(RWR)

          v.

DISTRICT OF COLUMBIA; et al.,

          **Defendants.**

### AFFIDAVIT

**WASHINGTON**
**District of Columbia**

    I, RANDOLPH J.GREENE, being first duly affirmed, according to law, depose and say:

    1. On information and belief, the David A. Clark School of Law (hereinafter referred to as "DCSL") is formerly known as the Antioch School of Law (hereinafter referred to as "ASL").

    2. On information and belief, when the DCSL was known as the ASL, it was not a part of the UDC family.

3.  On information and belief, when ASL was a separate, independent post-secondary educational institution, it went out of business because it could not afford to pay either its rent or mortgage.

4.  On information and belief, in the alternative, when the ASL was a separate, independent post-secondary educational institution, it went out of business because it lost its accreditation.

5.  For one reason or another, the ASL ceased to exist as a separate, independent post-secondary educational institution.

6.  While the ASL was in business, as a separate, independent post-secondary educational institution, I was an undergraduate student at UDC.

7.  After the ASL ceased to exist as a separate, independent post-secondary educational institution, I was an undergraduate student at UDC.

8.  On information and belief, for one reason, or another, the ASL was either invited to become a part of the UDC family, or adopted by UDC.

9.  After the ASL became a part of the UDC family, the ASL changed its name to the DCSL.

10.  After the ASL changed its name to the DCSL, it began to promulgate, rules, regulations and policies.

11.  One of these policies referred to in ¶10, is set forth in Plaintiff's Exhibit "P". This document created legal rights or legal expectations or liberty interests.

12.  Because I was a student at UDC before and after the ASL merged with UDC and became the DCSL, I have a legitimate right to use UDC computer

terminals located anywhere on UDCs campus' which have designated for students' use, including those located in the DCSL. Plaintiff's Exhibit "P".

13. The signs posted in the Law Clinic Library and Resource Center stating that access is limited to DCSL students only, applies to UDC undergraduates who have enrolled after the signs were posted and not to UDC undergraduates who were enrolled before the signs were posted. Plaintiff's Exhibit "P".

14. On 19 September 2004, between 9 and 10 p.m., there were no computer terminals on UDCs main campus available for my use other than the computer terminals and printer located in the Law Clinic Library and Resource Center. I asked for permission to use a computer terminal and permission was granted by an authorized DCSL agent and representative, at that point in time, *viz.*, defendant Thomas.

15. DCSL students are allowed to use facilities on UDCs main campus and no undergraduate ever follows them around and chides them about their use of undergraduate facilities.

16. I had a legitimate right to be peeved at defendant Tshiteya for exercising police powers on me when she was not a DCSL authorized agent and representative.

17. I had a legitimate right to be peeved at Sergeant Johnson for putting me out of the Law Clinic Library and Resource Center because of defendant Tshiteya's baseless complaint.

18. Plaintiff's Exhibit "P" invested me with discretionary authority to use a UDC computer in the Law Clinic Library and Resource Center for school work, legal work, surfing the Net, e-mail, *ad infinitum*.

4

    19.  Plaintiff's Exhibit "P" was available for distribution to the general

public in the Charles and Hilda Mason Law Library after the signs were posted in

the Law Clinic Library and Resource Center stating that access was limited to

DCSL students only.

    Pursuant to Title 28, United States Codes §1746, I declare under penalty of

perjury that the foregoing is true and correct as to all matters stated therein based

on my information and belief.  And as for those matters stated upon my information

and belief, I believe them to be true and correct.  Executed this 3rd day of February

2006.

AFFIANT,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503
Plaintiff Pro Se