*Leave to file GRANTED.*

*[signature], U.S.D.J.*

*4-12-06*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,

    Plaintiff                             Civil Action #05-1097(RWR)

v.

DISTRICT OF COLUMBIA; et al.,

    Defendants

### PLAINTIFF'S RESPONSE MEMORANDUM TO SECOND REPLY MEMORANDUM OF UNIVERSITY DEFENDANTS IN SUPPORT OF SECOND MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

**I.**      **STATEMENT**

This is a *pro se* civil rights action pursuant to Article III, §2, clause 1, of the Constitution of the United States of America, Title 28, United States Codes §§1331, 1332, 1343(a)(3), (b), 2201-02 and Title 42, United States Codes §1983, for declaratory and injunctive relief and damages against the defendants in both their individual and official capacities for: i) restricting plaintiff's access to a public facility; and ii) failing to afford plaintiff with rudimentary due process and minimum procedural safeguards with respect to their banning plaintiff access to the public facility.

On or about 14 November 2005, the plaintiff submitted a motion to file an accompanying relation-back amended complaint. (Docket #26). The Court granted plaintiff's motion on or about 3 January 06. On or about 9 January 06, the

**RECEIVED**

APR 01 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

defendants' filed a second motion to dismiss, or alternatively, for summary judgment. (Docket #36). The plaintiff filed a response to the defendants' second motion to dismiss, or alternatively, for summary judgment. (Docket #38). Thereafter, the defendants' filed their second reply. (Docket #41). This pleading is submitted in response to (Docket #41), defendants second motion to dismiss, or alternatively, for summary judgment.

## II.   ARGUMENT

On information and belief, the Court has discretionary authority to Entertain this response, pursuant to and in accordance with this Court's Order dated 3 January 06, the Local Rules of the United States District Court for the District of Columbia, and Rule 7 and Rule 8, of the Federal Rules of Civil Procedure.

Once again, the defendants have raised one or more issues in a reply to a preceding response by the plaintiff worthy of response thereto. These matters will be addressed succinctly and *seriatim*.

### A.

"For all the erudition Plaintiff attempts to exhibit in his "response" (emphasis supplied) to the motion of the University Defendants' to dispose of his Amended Complaint by the liberal Use of Latin words and phrases…" (Second Reply at 1, ¶1).

Usage of Latin words and phrases is an acceptable manner for expressing legal ideas. <u>Lederman v. United States</u>, 81 F. Supp. 29 (DC2000)(<u>Lederman I</u>) (Roberts, J.); and <u>Lederman v. United States</u>, 131 F. Supp. 2d 46 (DC20001) (<u>Lederman II</u>)(Roberts, J.).

**B.**

"...it is abundantly clear that he (i.e., plaintiff)
cannot mount a reasoned opposition to Defendants'
arguments . His repeated, conclusory denunciation of
the merits of Defendants' motion without authority ...
(Second Reply at 1, ¶1).

The defendants must be in La La Land. Plaintiff's oppositions are supported by Plaintiff's Exhibits "C" through "S". All of the responses are brief, concise and straight to the point.

**C.**

"...refuses to recognize the distinction between right
and privilege and the circumstances under which due process
is required... He has not been disciplined as a student and no
entry was made on his academic record". (Second Reply at 1,¶1).

The defendants argued, quite, disingenuously, that the plaintiff has a status as a UDC student and a status as a member of the general public. To avoid affording the plaintiff any due process rights, the defendants chose to trigger plaintiff's status as a member of the general public to revoke plaintiff's access to the law library. Does this mean that the defendants recognize that if they chose to sanction plaintiff as a UDC student that they would have had to afford plaintiff with rudimentary due process and minimum procedural safeguards before the defendants banned plaintiff from entering the law library? (The Court's attention is respectfully invited to Pages 7-9 of Plaintiff's Response to Defendants Second Motion to Dismiss or in the Alternative, for Summary Judgment) (Docket #38). The defendants do not recognize the circumstances under which they must accord members of the general public due process rights, moreorless UDC students and their replies reveal that it would be an exercise in futility for the plaintiff to write a

dissertation on the distinction between right and privilege. This also, we may add is a reasoned opposition to Defendants' arguments.

Furthermore, the above excerpt by the defendants pellucidly demonstrates why the defendants should not be granted summary judgment. The defendants have custody, control and supervision of other records on the plaintiff other than his academic record. On *information* and belief, some of those records make reference to plaintiff's alleged culpability concerning the verbal fracas with defendant Tshiteya. We want all such references expunged from any records under the custody, control and supervision of the defendants and only through discovery and inspection will the existence of such records come to light.

### D.

> "Further, with the February 22, 2006, filing of his Request
> to Substitute a page of his previous memorandum
> responding to Defendants' Reply memorandum in support of its
> previous dispositive motion which the Court has ruled moot,
> demonstrates the Plaintiff's refusal to adhere to the rules of
> this Court…" (Second Reply at 1-2, ¶2).

Ha! Let us examine the record to see who is complying with court rules.

i) The defendants' filed a second motion to dismiss, or in the alternative, for summary judgment;

ii) Rule 7(h) of the Local Rules of the United States District Court for the District of Columbia states that:

> "Each motion for summary judgment *shall* be
> accompanied by a statement of material facts as to which
> the moving party contends there is no genuine issue, which
> shall include references to the parts of the record relied on
> to support the statement. ***"

iii) The defendants' first motion to dismiss, or in the alternative, for summary judgment (Docket ##16,17), from the first page to the last page thereof has been denied as *moot*;

iv) The defendants' first motion to dismiss, or in the alternative, for summary judgment is accompanied by a plethora of documents. Those documents, defendants' exhibits became *null and void* when the Court denied the accompanying motion as *moot*;

v) The defendants second motion to dismiss, or in the alternative, for summary judgment is not accompanied by *anything* and the defendants definitely cannot use exhibits attached to a motion dismissed as *moot*. That brings into question all kinds of *res judicata* problems that the defendants better not act like they want to entertain!

The second motion to dismiss, or in the alternative, for summary judgment fails to comply with Local Rule 7(h) because it is not accompanied by *anything*. The word *shall* means that the defendants do not have discretionary authority as to what their motion for summary judgment may be accompanied by. If the defendants' file a motion for summary judgment, the motion *must be supported* by certain specified documents. Because the defendants' second motion for summary judgment lacks the required documentation, the motion should be denied.

It is the defendants who are not complying with this Court's rules and the record proves the defendants non-compliance!

### E.

"...intransigent determination to have the last word even when he is not entitled to it, and complete disregard for any semblance of order or organization in the presentation of his claims.\*\*\*. Defendants must object to plaintiff's harassing manner of litigation". (Second Reply at 2, ¶1).

#### (i)

*Inter alia,* plaintiff's preceding response indicates that it is in the plaintiff's best interest to file a response to *anything* that the defendants file in this case.

#### (ii)

Plaintiff's relation-back amended complaint refutes the above comment by defense counsel. The relation-back amended complaint is twenty-four (24) pages long and contains one-hundred and fifteen (115) brief, concise and straight to the point factual allegations which the defendants have failed to dispute with one iota, one modicum, one scintilla of evidence. *Ecce signum*, Defendants' Second Motion to Dismiss, or alternatively, for Summary Judgment.

#### (iii)

In our demean opinion, the defendants made the remaining comments because of the plaintiff's *statements* in his response to the defendants' second motion to dismiss, or alternatively, for summary judgment at 11-12 (Docket #38). We take exception to defense counsel's comments referred to above and if the Court denies the defendants second motion to dismiss, or in the alternative, for summary judgment, and reconsiders plaintiff's request for the appointment of counsel, adding UDC supervisory officials defendant Tshiteya e-mailed her complaint to will be number one on the agenda.

WHEREFORE, the premises considered, defendants second motion to dismiss, or in the alternative, for summary judgment should be DENIED.

Respectfully submitted,

/s/ Randolph J. Greene
RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

The Undersigned hereby certify that he has served a copy of the Plaintiff's

RESPONSE MEMORANDUM TO SECOND REPLY
MEMORANDUM OF UNIVERSITY DEFENDANTS IN SUPPORT
OF SECOND MOTION TO DISMISS, OR FOR SUMMARY JUDGMENT

on defendants attorney of record, Ms. Robin C. Alexander, General Counsel's Office, University of the District of Columbia, 4200 Connecticut Avenue, N.W., Washington, D.C. 20008, by hand-delivering a copy of same, Monday 3rd, April 2006.

UNDERSIGNED,
RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503
Plaintiff Pro Se