RECEIVED

APR 1 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


RANDOLPH J. GREENE,

       Plaintiff                Civil Action #05-1097(RWR)

v.

DISTRICT OF COLUMBIA; et al.,

       Defendants.


## PLAINTIFF'S MOTION TO SUBMIT AFFIDAVITS BASED ON PERSONAL KNOWLEDGE RATHER THAN INFORMATION/BELIEF

COMES NOW Randolph J. Greene, plaintiff, pro se, and pursuant to Rule 7(b), of the Federal Rules of Civil Procedure, respectfully request leave to substitute Plaintiff's Exhibits "C" and "S", for the following, but not limited reasons:

1. In the original Plaintiff's Exhibits "C" and "S", plaintiff uses the term "On information and belief".

2. Rule 56 of the Federal Rules of Civil Procedure states that affidavits opposing summary judgment are to be based on an affiant's personal knowledge. Affidavits based on an affiant's Information and belief are insufficient to withstand summary judgment.

3. The defendants have filed a second dispositive motion pursuant to Rule 56, of the Federal Rules of Civil Procedure.

2

4. The Court has yet to rule on the defendants motion for summary judgment.

5. This motion is timely.

6. This motion is submitted in good faith.

7. This motion will not vex the proceedings in this case.

8. The defendants will not be prejudiced if this motion is granted.

9. The plaintiff will be prejudiced if this motion is denied.

10. This Court's discretion.

WHEREFORE, the premises considered, plaintiff requests that this motion is granted and leave to substitute the original Plaintiff's Exhibits "C" and "S" with the accompanying, improvised  Plaintiff's Exhibits "C" and "S" based on personal knowledge, rather than information and belief is GRANTED.

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503
Plaintiff Pro Se

<u>PLAINTIFF'S EXHIBIT "c"</u>

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RANDOLPH J. GREENE,

        Plaintiff                      Civil Action #05-1097(RWR)

v.

DISTRICT OF COLUMBIA; <u>et al.,</u>

        Defendants.

<u>AFFIDAVIT</u>

WASHINGTON
District of Columbia

     I, Randolph J. Greene, being first duly affirmed, according to law, depose and say:

     1. I have an A.A.S degree from UDC in paralegal studies. Plaintiff's Exhibit "D".

     2. The University of the District of Columbia is not a facility of the UDC David A. Clark School of Law.

     3. I did not abuse my access privileges to the UDC law school facility on 20 September 2004.

     4. A sign is posted in the UDC law school computer lab indicating that the use of the computer lab is for law school students only.

     5. The first responder of any violation of the restriction referred to in the preceding paragraph are people hired to work in the law library. That is one of their duties.

2

6. People hired to work in the law library are authorized to settle disputes between authorized and non-authorized persons in the computer lab.

7. On 20 September 2004, I was an authorized person to use the computer lab.

8. On 20 September 2004, Ms. Mireille B. Tshiteya was not a law library employee and had not been authorized by any first responder to enforce any computer lab restrictions or limitations.

9. Nevertheless, Ms. Tshiteya asked me was I a law school student and did I have law school ID.

10. On 20 September 2004, Ms. Tshiteya attempted to enforce a computer lab restriction rather than notify the first responder (*viz.*, Mr. William Thomas) on duty after I informed Ms. Tshiteya that I had permission froma first responder to use the computer lab.

11. If Ms. Tshiteya had contacted the first responder on duty, this debacle would never have occurred.  Alternatively, if Ms. Tshiteya had came to me from the far end of the computer lab that she never left from throughout this episode and identified herself as a law school student and asked in any kind of a *half way* decent manner could she use the computer terminal I found un-occupied, I would have gladly deferred to her need. After all, for filing purposes, the federal courthouse stays open all night long and is metro accessible.

3

12. I have three (3) daughters, three (3) sisters, and a heap of nieces, great nieces, second and third female cousins. I always tell the female members in my family that if they want men to respect them as women (and young ladies) that they have to carry themselves as women (and young ladies); that a lot of times, its not what you say, but rather how you say something that matters the most. Ms. Tshiteya does not have clean hands in the 20 September 2004, debacle. Ms. Tshiteya did not have a legal right *ab inito* to say anything to me especially in the tone of voice she used. Plaintiff's Exhibits "H", "I" and "J".

13. Mr. Virgil Royal is the D.C. Government Police Officer that Ms. Tshiteya talked to when she called the campus police office. Because Officer Royal obviously did not express what Ms. Tshiteya thought was the requisite amount of empathy ("...The tone of his voice showed no concern whatsoever, even though it was late in the evening, I am a female calling, saying that there's an unknown man being belligerent with me on school property where it is become clear he is not authorized to be. This officer never asked if I was alone with the man, if anyone else was there to make sure that I was safe, nothing, his tone of voice showed annoyance at my call. I was agitated and he simply acted like I was reporting some unimportant trifling matter...". Plaintiff's Exhibit "F" at 3-4), Officer Royal's superior, *viz.*, Mr. Robert T. Robinson, suspended Officer Royal for an x-amount of days without pay, causing Officer Royal an economical hardship he is still rebounding from.

14. Mr. Brian Baker *never instructed me* to apologize to Ms. Tshiteya.

4

15. I never bragged to D.C. Government Police Officers that I cursed Ms. Tshiteya out.

16. I never knew that Ms. Tshiteya was a foreign born person. I never detected any foreign accent during our colloquy in the computer lab.

17. On Tuesday 10, May 2005, I visited the law library twice. The first time I came to the law library, I was granted access. I stayed in the law library for at least thrity (30) minutes and then I left. I came back within thirty (30) minutes of this departure. After I entered the law library, a D.C. Government Police Officer was present and he told me that I could not enter because there was a ban on me. Plaintiff's Exhibit "E", at 2,¶4.

18. As such, I was denied the freedom to read legal literature and acquire legal information.

19. I was not afforded *any* rudimentary due process and minimum procedural safeguards before I was banned from the law library. Specifically, I was denied notice of the charge; a warning that anything I could say would be used against me; a hearing before an impartial tribunal; representation at the hearing; a written copy of the tribunal's findings of fact and reasons for the action taken; and the right to appeal

5

Pursuant to Title 28, United States Codes §1746, I declare under

penalty of perjury that the foregoing is true and correct. Executed this 19th

day of April 2006.

AFFIANT

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C 20020
(202) 561-4503
Plaintiff Pro Se

5