UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RANDOLPH J. GREENE

    Plaintiff                          Civil Action #05-1097(RWR)

v.

DISTRICT OF COLUMBIA; et al.,

    Defendants.


**PLAINTIFF'S MOTION FOR SERVICE
OF PROCESS ON DEFENDANT MIREILLE
B. TSHITEYA BY PUBLICATION OF LEGAL NOTICE
IN A DAILY NEWSPAPER AT GOVERNMENT EXPENSE**

COMES NOW Randolph J. Greene, plaintiff, *pro se*, and pursuant to Rule 4, of the Federal Rules of Civil Procedure, and or Title 13, D.C. Codes §§337-340, 421-423, respectfully request service of process on defendant MIREILLE B. TSHITEYA, by publication of legal notice in a Washington, D.C. daily newspaper, with a national circulation, at government expense, for the following, but not limited reasons:

    1. The U.S. Marshals Service attempted to serve defendant Tshiteya with process at her domicile but was unsuccessful because she evaded them.

    2. According to defendant BOARD OF TRUSTEES answers to the plaintiff's first set of interrogatories, defendant Tshiteya is/was both a student in the David A. Clark School of Law, as well as an employee.

3. The defendants had an opportunity to inform the plaintiff when and where defendant Tshiteya could have been located on UDCs campus during business hours, but they failed and refused to do so on the grounds that providing such information constituted harassment of defendant Tshiteya.

4. On information and belief, defendant Tshiteya has knowledge of this legal action.

5. Plaintiff cannot afford the costs to print publication of legal notice of this action in a Washington, D.C. daily newspaper, with a national circulation.

6. This Court has granted plaintiff leave to prosecute this case *in forma pauperis*.

7. This motion is timely.

8. This motion is submitted in good faith and not to vex the orderly proceedings in this case.

9. The defendants will not be prejudiced if this motion is granted.

10. The plaintiff will be prejudiced if this motion is denied.

11. This Court's discretion.

WHEREFORE, the premises considered, plaintiff request that this motion is GRANTED, and the Court orders publication of legal notice to defendant MIREILLE B. TISHIETYA, in a Washington, D.C., daily newspaper, with a national circulation, for a reasonable period of time, at government expense.

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 561-4503

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


RANDOLPH J. GREENE,

        Plaintiff                                 Civil Action #05-1097(RWR)

v.

DISTRICT OF COLUMBIA; et al.,

        Defendants.


MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SERVICE
OF PROCESS ON DEFENDANT MIREILLE
B. TSHIETYA BY PUBLICATION OF LEGAL
NOTICE IN A DAILY NEWSPAPER AT GOVERNMENT EXPENSE

I. STATEMENT

The plaintiff filed a motion for leave to file a relation-back amended complaint on the defendants. In the relation-back amended complaint, the plaintiff named two new parties, *viz.*, the BOARD OF TRUSTEES and MIREILLE B. TSHITEYA. The motion was granted. The first of these two new defendants was served process. The latter was not. The plaintiff moved the court for an order for personal service of process on defendant Tshiteya. The motion was granted and the U.S. Marshals Service attempted to serve copies of the summons and the relation-back amended complaint on defendant Tshiteya. However, the U.S. Marshals Service was not able to effectuate service of process on defendant Tshiteya. Thereafter the court issued an order stating that service could not be made on defendant Tshiteya because plaintiff had provided an incorrect address and gave

plaintiff an x-amount of days to provide the correct address or be faced with the possibility of having defendant Tshiteya dismissed from this lawsuit. Subsequently, plaintiff informed the court that the only way he could possibly obtain defendant Tshiteya's address was through discovery and inspection and that he had served his first set of interrogatories on defendant BOARD OF TRUSTEES requesting such information. The defendants have answered, providing the same address that the plaintiff previously provided.

Today the plaintiff is moving the court for publication of legal notice to defendant Tshiteya, in a Washington, D.C., daily newspaper, at government expense. This memorandum of law is submitted in support that motion.

## II. ARGUMENT

Although service of process to defendants did not conform precisely to specifications set forth in Rule 4, of the Federal Rules of Civil Procedure, the district court had personal jurisdiction over defendants, where they received prompt notice of pending suit at their respective places of employment. <u>Hagmeyer v. U.S. Dept. of Treasury</u>, 647 FS 1300 at 1303-04 (DC1986)(Green, J). Plaintiffs made effective service of process in manner reasonably elected to provide actual notice and adequate opportunity to be heard by mailing process to nine addresses where the defendant was likely to be found, in view of evidence that defendant had been informed of the lawsuit, was being informed of its progress, and was avoiding service. <u>Avianca, Inc. v. Corriea</u>,705 FS 666 at 685 (DC1989)(Lamberth, J.). Improper service of process does not require dismissal of case. <u>Dixon v. Stephenson, Inc.</u> 60 at 62 (614 FS DC1985)(Parker, J.). For rationale, also see<u>Hasenfus v.

Corporate Air Services, 700 FS 58 at 59-60 (DC1988)(Parker, J.); Marshall v. Labor & Industries, State of Washington, 89 FS 2d 4 (DC2000); BCCI HOLDINGS (Luxembourg), Societe Anonyme v. Khalil, 20 FS 2d 1 (DC1997); Dickson v. United States, 831 FS 893 (DC1993); National Bank of Washington v. Mallery, 669 FS 22 (DC1987); Liberty Mut. Ins. Co. v. American Pecco Corp., 334 FS 522 (DC1971).

Notice by publication in International Hearld Tribune, which was widely read by international financial community in Europe, was reasonably calculated to apprise unidentified foreign purchases of corporation's option of insider trading suit against them, and since those unidentified purchasers were otherwise aware of suit, district court had personal jurisdiction over them. Wuchter v. Pizzutti, 276 U.S. 13 at 24, 48 S., Ct. 259 at 262, 72 L.Ed. 446 (1928); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 at 314, 70 S.Ct. 652 at 657, 94 L.Ed. 865 (1950); SEC V. Tome, 833 F.2d 1086 at 1090-94 (CA2 1987). Service of process by publication was proper under Rule 4, of the Federal Rules of Civil Procedure, where plaintiffs made adequate showing of due diligence to serve process. Hunt v. Inter-Glob Energy, Inc., 770 F.2d 145 at 147 (CA10 1985); also see Hugel v. McNeil, 886 F.2d 1 (CA1 1989).

The plaintiff is a *pro se* litigant and has done everything within his ability to have service of process served on defendant Tshiteya in accordance with Rule 4. The government defendants knew when she could have been contacted on UDCs campus eliminating the need for this request altogether but they failed and refused to provide the information. Under the circumstances, publication of legal notice is

the plaintiff's only alternative method of having process served on defendant Tshiteya that the defendants cannot syllogistically claim is harassment.

For the above stated reasons and others to be adduced, this motion should be GRANTED and such other and further relief as may appear just and proper.

Respectfully submitted,

RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202)561-4503
Plaintiff Pro se

## CERTIFICATE OF SERVICE

The undersigned hereby certify that he served a copy of the plaintiff's

COMPLIANCE WITH 18 APRIL 2006 COURT ORDER

MOTION FOR SERVICE OF PROCESS
OF PROCESS ON DEFENDANT MIREILLE
B. TSHIETYA BY PUBLICATION OF LEGAL NOTICE
IN A DAILY NEWSPAPER AT GOVERNMENT EXPENSE

on defendants attorney of record, Robin C. Alexander, General Counsel,

University of the District of Columbia, 4200 Connecticut Avenue, N.W.,

Washington, D.C. 20008. by delivering a copy of same to said office, this 16th

day of May 2006, in person.

UNDERSIGNED,
RANDOLPH J. GREENE
P.O. Box 36303
Washington, D.C. 20020
(202) 5610-4503
Plaintiff Pro se